## IN RE TRUSTEESHIP OF COUDEN.

*Trusts — Investment of funds — Provisions of will and Section 11214, General Code — Release of mortgage and private sale of mortgaged property — Acceptance of unsecured note for balance due — Purchase of stock in corporation — Trustee's accounts may be opened up, when — Section 11033, General Code.*

1. Where a will itself directs a particular form of investment of trust funds, that form should be pursued, and the trustee is not limited to that prescribed by Section 11214, General Code, but it is desirable that such investments be made under the order of the probate court.
2. A trustee does not act in good faith in accepting an unsecured note of one without means to pay said note, or interest thereon, for a balance due upon a prior note secured by mortgage on real estate, and in releasing said mortgage, or in selling such property valued at $6,000 to $10,000 at private sale for $3,100.
3. The purchase of stock in a corporation, upon which dividends may possibly be paid, is contrary to Section 11214, General Code, which authorizes an executor to invest funds.
4. The purchase of stock in a corporation, upon which dividends may possibly be paid, is not in compliance with the provisions of a will which provides that the trust funds shall be put and forever kept at interest.
5. Under the provisions of Section 11033, General Code, accounts of a trustee, previously filed, can be opened up so far as to correct any mistakes or errors, none of which had been previously subjected to any special hearing or determination by the probate court.

(Decided December 6, 1917.)

ERROR: Court of Appeals for Warren county.

*Mr. L. K. Langdon,* for Couden, trustee.
*Messrs. Eltzroth & Maple,* for Salem township.

JONES, P. J. These proceedings in error are brought to review the action in the court of common pleas in the matter of exceptions to the ac-

count of Frank M. Couden, as trustee under the will of Isaac Jones, deceased, appealed into that court from the probate court of Warren county.

Couden as trustee had from time to time filed accounts in the probate court, the last being his eighth account as such trustee. No exceptions were taken to any of the first seven accounts, and they were confirmed by the court as a matter of course.

Upon the filing of the eighth account exceptions were filed thereto on behalf of the trustees of Salem township, which township was the beneficiary under the second item of the will of Isaac Jones. These exceptions undertook to go back and except to the fourth, fifth, sixth and seventh accounts, respectively, as well as to the eighth account which was then before the court.

The exceptions are taken on the following grounds:

1. Because of the failure of the trustee to charge himself with sufficient interest in the fourth account.

2. That the investments of funds set out in said accounts are without authority of law and without the order of court and are contrary to the provisions of the will.

3. That the investment of the funds in stock of The People's Electric Light Company, of Morrow, Ohio, is fraudulent and unauthorized.

The will of Isaac Jones provided in the second item for a bequest of $7,000 to the township of Salem, Warren county, Ohio, "the same to be put and forever kept at interest, and interest thereon to be deposited with the treasurer of said town-

ship of Salem and be used" for the purposes of said township.

This will further nominated and appointed three individuals as executors and trustees to carry into effect the provisions of said will, providing:

"It is my request that they and their successors in said office exercise their good judgment and sound discretion in making said loans, the same as if loaning for themselves."

Section 11214, General Code, provides for the investment of funds in the hands of trustees "in certificates of the indebtedness of this state, of the United States, or in such other securities as the court having control of the administration of the trust approves."

Where, as in this case, the will itself directs a particular form of investment, that should be pursued, but as a matter of safety and precaution in the management of the trust it is desirable that such investment be made under the order of the probate court.

The record shows that so far as the Frank H. Kemper note, dated December 30, 1903, at six per cent. interest, is concerned, it was an improper and unauthorized investment by the trustee.

The fact appears that prior to the making of this note, a mortgage loan had been made by the trustee to Frank H. Kemper, secured by a mortgage, executed by himself and wife, upon property in Avondale, Cincinnati, of a value of not less than $6,000 and estimated to be possibly worth $10,000; that when this mortgage note became due, although interest had been previously paid regularly thereon, without any foreclosure proceedings the trustee

permitted this mortgaged property to be sold at private sale, and acknowledged the receipt of some $3,100 in money for said mortgage and note and of an unsecured note made by Frank H. Kemper for $915. At that time Mr. Kemper had just passed through insolvency proceedings, under a voluntary assignment for the benefit of creditors, and was without means to pay the note, or interest upon same. It appears from the accounts that no interest has been since paid.

The trustee at that time caused the following cancellation to be endorsed upon the record of the $4,000 mortgage in the recorder's office of Hamilton county, Ohio:

"CINCINNATI, *Dec. 30, 1903.*
"The notes secured by the within mortgage are fully paid and satisfied and the recorder of Hamilton county is hereby authorized to cancel said mortgage of record.

"FRANK M. COUDEN,
*"Trustee of the Jones Fund."*

The trustee has failed to show that he acted in good faith in this matter, and for his own protection it was clearly necessary for him to have insisted upon an enforcement of the mortgage lien against that property, as under the facts shown in the record it would undoubtedly have brought a larger sum, if not the entire amount of the loan with interest.

The exception to this investment was properly sustained.

The other investment criticized in these exceptions is the purchase of fifty shares of stock of The People's Electric Light Company at the par value of $100 per share, making $5,000.

This investment was not authorized by the probate court, and is contrary not only to the statute, Section 11214, General Code, but also to the provisions of the will. The purchase of stock in a corporation, upon which dividends may possibly be paid, can not be considered as a compliance with the duty of loaning money out at interest. The accounts show that for some time four per cent. dividends were collected upon this stock, and then dividends ceased entirely.

So far as the investment in this stock is concerned, the exceptions were rightfully sustained, and the trustee is undoubtedly liable for any loss that may occur on the sale of this stock, which sale should be had by the present trustee at the earliest suitable opportunity.

Inasmuch as dividends have been paid upon this stock at the rate of four per cent., and no taxes were required to be paid thereon, and no showing is made by the township trustees that a larger income would have been realized if the terms of the trust had been faithfully carried out and the money loaned as required by the will, we are not disposed to insist that any interest be allowed upon this part of the fund during the time dividends were collected, but six per cent. interest should be calculated upon the $5,000 during that period of time succeeding the last payment of dividends on this stock up to the time of the filing of the account by the trustee.

We hold that under the provisions of Section 11033, General Code, the fourth, fifth, sixth and seventh accounts could be opened up so far as to correct any mistakes or errors, none of which had been previously subjected to any special hearing or determination by the court; and, of course, the exceptions apply directly to the eighth account. *Watts* v. *Watts*, 38 Ohio St., 480, and *Lambright, Admr.*, v. *Lambright et al.*, 74 Ohio St., 198, at page 207.

The facts in this case are not like those in the case of *Willis, Admr.*, v. *Braucher, Gdn.*, 79 Ohio St., 290, where the executor and trustee were authorized to invest the proceeds of sale in such manner as they might think best, and it was shown that they had, upon careful investigation and expert advice, made investments in certain bank stock.

In this case a particular form of investment was pointed out by the will; or rather it was required that the money should be put and kept "at interest," and, as above stated, the purchase of stock in a private corporation can not be deemed a compliance with such a provision, more especially so when it appears, as in this case, that the stock in which such investment was made had previously been the individual property of the trustee and was transferred either directly or indirectly from him as an individual to himself as trustee without approval of the court and without any report to the court disclosing such fact.

An entry may be made modifying the judgment below to the extent that both of the investments as reported by the eighth account must be disap-

proved and disallowed. And interest must be charged as against the Kemper note at six per cent. from its date, and as against The People's Electric Light Company stock from the time of the last payment of dividend.

*Judgment accordingly.*

GORMAN, J., concurs.
HAMILTON, J., not participating.