## SMITH ET AL. v. WORLEY, TRUSTEE.

*Suretyship — Trustee executes two bonds — Default before second bond given — Liability of sureties — Res adjudicata — Proceedings against trustee — Judgment conclusive against sureties, when — Pleading.*

1. Sureties on the second bond of a testamentary trustee are liable for default on the part of the trustee in not accounting for funds which were misappropriated before the execution of the bond, where the account was filed, and the judgment finding the amount due from the trustee was rendered, after the execution of the second bond.
2. In an action against sureties on the bond of a testamentary trustee, such sureties are bound by the judgment in a former proceeding determining the amount due from the trustee.
3. Such former judgment may be treated as *res adjudicata* to the extent that it determines the liability of the trustee, although it is not formally pleaded as such, where the action is in reality based upon the prior judgment and the petition avers that the amount alleged to be due was found and adjudged by the court in the former proceeding, and a copy of the judgment was made a part of the petition.

(Decided December 1, 1919.)

ERROR: Court of Appeals for Warren county.

*Mr. Lawrence K. Langdon* and *Mr. Howard W. Ivins,* for plaintiffs in error.

*Messrs. Eltzroth & Maple,* for defendant in error.

RICHARDS, J. (of the Sixth District, sitting in place of HAMILTON, J.). The original action was commenced in the court of common pleas by Z. O. Worley, as testamentary trustee under the will of Isaac Jones, deceased, against the sureties on a bond given by F. M. Couden, the predecessor of

Z. O. Worley in the execution of the trust created
by the will of said Isaac Jones. The trial resulted
in a directed verdict in favor of the plaintiff for
$9,450.52, being the full amount claimed by him;
and this proceeding in error is brought to obtain a
reversal of the judgment rendered on that verdict.

Isaac Jones died in the year 1897, leaving a will,
by which he provided in the second item a bequest
of $7,000 to the township of Salem, Warren county,
and directed that the same be put and forever kept
at interest and the interest deposited with the
treasurer of the township to be used for the pur-
poses of the township. On June 29, 1897, the pro-
bate court appointed F. M. Couden as testamen-
tary trustee to carry into effect the trust created by
this item of the will of Mr. Jones, and the trustee
thereupon qualified and entered upon the perform-
ance of his duties. During the administration of
his trust he filed in the probate court eight several
accounts showing his transactions as testamentary
trustee. No exceptions were taken to any of the
first seven accounts and they were formally con-
firmed by that court. On February 3, 1912,
Couden, as trustee, executed and filed in the pro-
bate court a new bond as trustee, with the plain-
tiffs in error in this case as sureties, and the bond
was approved by the probate court on February 7,
1912. Thereafter the trustee was required to and
did file, on February 12, 1914, the eighth account
already mentioned. Exceptions were taken to this
eighth account filed by Couden as trustee, the chief
ground of the exceptions being that he had in-
vested the greater part of the fund in a manner
not authorized by the will of the testator and that

these unauthorized investments had resulted in a loss of the amount so invested. On a hearing had in the probate court these exceptions were in the main sustained, and an amount ascertained which that court found to be due from the trustee to the estate and which it was adjudged should be accounted for and paid by the trustee. That case passed by appeal to the court of common pleas, and by proceedings in error from that court to the court of appeals, and the court of appeals, in December, 1917, modified the judgment of the lower court and found in the hands of Frank M. Couden, as trustee, $7,149.56, for which amount the trustee was ordered to account together with interest from February 12, 1914, and as so modified the judgment of the lower court was affirmed. The present action is brought against the sureties on the bond executed February 3, 1912, to recover the amount so adjudged by the court of appeals to be due from Frank M. Couden, as trustee.

Many of the matters in controversy between the parties have been heretofore adjudicated by that judgment. It is true that these sureties were not parties to that proceeding; but they are bound thereby in so far as the judgment determined the amount due from F. M. Couden, as trustee, and adjudged investments made by him unauthorized, there being no evidence of fraud or collusion in procuring such judgment. *Braiden* v. *Mercer,* 44 Ohio St., 339; *Slagle* v. *Entrekin,* 44 Ohio St., 637, 640, and *Smith* v. *Rhodes and Wilt,* 68 Ohio St., 500.

In *Braiden* v. *Mercer, supra,* the point is directly decided in the syllabus, while in *Smith* v. *Rhodes*

*and Wilt, supra,* the court say, in the course of the opinion, that the surety on the bond was not a party to the settlement of the administrator in the probate court, and had no right to be, but that the order made by the probate court was binding alike upon the administrator and his surety.

It is insisted, however, that the former judgment can not be treated as *res adjudicata* of the matter in controversy because it is not pleaded as such. The fact, however, is that this action is in reality based on the prior judgment, and it is averred in the petition that in the judgment rendered in the court of appeals the balance stated herein was found and adjudged by that court, and a copy of that judgment is attached to and made a part of the petition. Furthermore, evidence was received without objection establishing these facts. We think under such circumstances the judgment rendered in the court of appeals may be treated as *res adjudicata* to the extent that it determines that the funds were invested by Couden as trustee in a manner unauthorized by the will of the testator and finds and adjudges the amount for which he is to account.

Counsel for plaintiffs in error urge that the unauthorized investments made by F. M. Couden as testamentary trustee were made before the execution of the second bond, and that therefore the sureties on that bond are not responsible for the misconduct of the trustee. The contention is one which merits and has received the most careful attention of this court. It is, of course, true that sureties on the bond of a testamentary trustee are presumed, like other statutory sureties, to contract

in view of the law in force at the time controlling their liability, and as was said by the supreme court in *McGaughey, Admr.,* v. *Jacoby et al.,* 54 Ohio St., 487, 500:

"It is not a hardship to hold them to the obligation which the law attaches to their undertaking when it is entered into, in any other sense than that a security debt is a hard debt to pay."

By Section 10591, General Code, every trustee appointed in a will, when a bond is not dispensed with by the terms of the will, is required before entering upon the performance of his duties to execute a bond, with freehold sureties, conditioned for the faithful discharge of his duties as trustee. By the provisions of Section 11029, General Code, a trustee created by last will is required to render an account of the execution of his trust to the probate court of the county in which he was appointed, in the manner provided by law for the settlement of accounts of executors and administrators.

The second bond which was executed by F. M. Couden, as trustee, bears date February 3, 1912, and recites the appointment of said Couden, as trustee under the will, on June 29, 1897. The bond contained the following condition:

"Now, if the said F. M. Couden, as such trustee shall well and truly do, perform and discharge with fidelity, all and singular the duties which he, as such trustee, ought to do, perform and discharge, and act in all things as required by law, and faithfully account for all money and funds that may come into his hands as such trustee, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue."

The trustee had, before the execution of this bond, made the unauthorized investments of the trust funds which finally resulted in a large loss, and the very important question arises whether the sureties on this bond are liable therefor. The condition of the bond required the trustee to perform and discharge with fidelity all the duties which he as trustee ought to perform and discharge, and the bond also required that he should, as trustee, act in all things as required by law. One of the duties required of him by law was to make, under Section 11029, General Code, a proper accounting of his transactions as trustee and the sureties were obligated by a fair interpretation of the condition of the bond to see that he did so. It is true that some of the accounts which he had theretofore filed reported the unauthorized investments which he had made, and these accounts were formally confirmed by the probate court, but this was done in the absence of the parties interested and without any hearing on the accounts. When the eighth account was filed, exceptions were duly taken, and, under the provision of Section 11033, General Code, his former accounts could be so far opened as to correct mistakes or errors therein. (*Watts* v. *Watts*, 38 Ohio St., 480.) On a hearing of these exceptions in that court and in the court of appeals, *In re Trusteeship of Couden*, 9 Ohio App., 207, it was, as has been already stated, adjudged that the investments to which exceptions were taken were not authorized by the will; and that judgment is conclusive at least to that extent as against these sureties. The trustee was thereafter ordered to file a final account in the probate court which he failed

and neglected to do. The failure and neglect of the trustee to account for and pay over the amount as found and adjudged by the court of appeals in 1917, and his failure and neglect to file a final account as ordered by the probate court in 1918, each constituted a breach of the bond given by him in 1912 and signed by these sureties.

The matter of the liability of sureties on a second bond of an executor, administrator, guardian or a testamentary trustee, when the funds were converted or misappropriated before the giving of that bond, is one which has previously been under consideration by the courts. In *Foster, Admx.,* v. *Wise, Admr.,* 46 Ohio St., 20, the supreme court, after a very thorough and careful examination of the question, sustained the liability, overruling the contention that the sureties were only liable for such assets as were converted after the execution of the bond. This case has been often cited and followed, not only in Ohio but in various other states. The learned judge in delivering the opinion cites decisions rendered in New York, Illinois, Massachusetts, Kansas, South Carolina and Tennessee, which courts reached the same conclusion; and none of these decisions have been overruled, but, on the contrary, they have been cited with approval.

In *McIntire* v. *Linehan et al.,* 178 Mass., 263, *Choate* v. *Arrington,* 116 Mass., 552, which was cited with approval in *Foster, Admx.,* v. *Wise, Admr., supra,* 26, is followed and applied and sureties on the bond of a testamentary trustee are there held liable for default on the part of their principal in not accounting for funds received before as well

as after the execution of the bond signed by them. The principle has been applied in many cases and we cite the following to illustrate its application: *Bellinger* v. *Thompson,* 26 Ore., 320; *Dugger* v. *Wright,* 51 Ark., 232; *Ellyson, Admr.,* v. *Lord,* 124 Iowa, 125, and *Greer et al.* v. *McNeal et al.,* 11 Okla., 526.

The opinion of the court in the authority last cited distinguishes clearly between bonds of the character of those under consideration in the case at bar and ordinary official bonds.

Our attention is called to *Thomson, as Trustee,* v. *American Surety Co.,* 170 N. Y., 109, which, it is claimed, modifies and limits the rule as announced in the New York case cited by the supreme court of Ohio in 46 Ohio St., 20. The surety, however, in *Thompson* v. *American Surety Co.,* executed the bond not only after the defalcation, but after an accounting had been had and a judgment rendered finding the amount due from the trustee. The bond, therefore, could not be held to require an accounting for what had already been theretofore accounted for and adjudicated. Furthermore, the judgment in that case had not been rendered against the trustee, but against the executrix of the trustee, and it was held that the sureties were not privies to that judgment. The decision of the court of appeals of that state, which had been cited with approval by the supreme court of Ohio in 46 Ohio St., 20, was referred to with approval. It appears to this court that *Thomson* v. *American Surety Co., supra,* is clearly distinguishable from the case at bar.

The general rule applicable to bonds of the class embracing the one given in the case at bar is well stated in 18 Cyc., 1251, as follows:

"Where an executor or administrator is required to give a new or additional bond the new bond ordinarily relates back and the sureties thereon become liable for breaches of condition prior to its execution, the two sets of sureties being considered as parties to a common undertaking with reciprocal rights of contribution."

For the reasons given we must hold that the sureties on the second bond are responsible in law for the amount found due from the trustee in the judgment rendered in the court of appeals.

Reliance is placed by the plaintiffs in error on the statute of limitations, but the liability of the trustee was not fixed and determined until the adjudication on the eighth account filed by him, and until the liability was so fixed a right of action against the sureties on the bond signed by them would not accrue. *Newton* v. *Hammond,* 38 Ohio St., 430.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., and CUSHING, J., concur.