The United States Fidelity & Guaranty Co. of Baltimore *v.* Wood, Admr.

(Decided December 23, 1929.)

*Mr. T. B. Mateer* and *Mr. Benj. Olds,* for plaintiff in error.

*Mr. C. H. Wood* and *Mr. R. V. Sears,* for defendant in error.

SHERICK, J.   Error is prosecuted to this court from a judgment of the court of common. pleas of Morrow county.   The parties are in reverse order in this court, the defendant in error, C. H. Wood, administrator, being the plaintiff below; he will be hereinafter referred to as the administrator and the plaintiff in error as the company.   The material facts follow:

Amos Nichols died testate in the year 1904.   His will named one S. C. Kingman as executor, who thereafter qualified as such and duly gave bond.   As such executor Kingman brought an action in the court of common pleas of Morrow county to have decedent's will construed and the several trust beneficiaries designated and the amount of their respective trust estates established.   And on August 25, 1904, that court construed the will and made the findings asked, and at the same time and in the same pro-

ceeding the court found the amount of the trust fund in the executor's hands to be $4,898, and ordered that the same be invested at 6 per cent. and the income annually paid to the beneficiaries. The debts of the estate having been paid in full, the executor, without further qualification as testamentary trustee, proceeded to carry out and execute the trust provisions of decedent's will. On August 27, 1920, Kingman filed his first partial account, showing certain disbursements and a balance in his hands of $3,698. This account was approved and confirmed by the probate court. Thereafter on March 19, 1924, Kingman entered into a new bond as testamentary trustee under the Nichols will in the sum of $3,600, with the company as surety. This bond was approved and accepted and is still in full force and effect. It is in the usual form and is upon the condition that Kingman as trustee will account for the moneys in his hands as such testamentary trustee under the Nichols will.

In March, 1926, Kingman died without having accounted for said trust fund or the accumulations thereof. And thereafter on November 26, 1926, Kingman's executrix filed an account in said trust estate showing a balance due of $3.96. Thereupon the beneficiaries of said trust estate filed exceptions and an amendment to the exceptions to both accounts for the purpose of correcting certain manifest mistakes and errors existing therein; to these exceptions the executrix filed an answer claiming that the first account had been approved and confirmed and no appeal had been prosecuted therefrom and that all matters and things prior to September 20, 1920, were fully adjudicated and barred by the

statute of limitations. It appears from the record that the company was represented by counsel at the hearing on the issue made. The probate court found thereon that there was mistake and error in said accounts, and that there was then due the beneficiaries of the trust the sum of $7,723.20, with interest at 6 per cent., amounting in all to $8,350.75. No appeal was taken or error prosecuted from this finding of the probate court.

It appears from the record that thereafter the executrix of the Kingman estate paid to the administrator the sum of $3,378.85, which left a balance due the trust estate of $4,971.95, with interest from July 1, 1928, and for which amount the administrator herein asks judgment against the bonding company. The Kingman estate is now insolvent.

To the cause of action as alleged the company makes answer by way of general denial, and further charges that the finding, judgment, and decree of the probate court are a fraud on the rights of the company, in that, first, the company was not a party to the action on exceptions to the accounts and had no notice of such proceedings; second, that the probate court was without jurisdiction to open up accounts previously by it confirmed; third, that the finding of the court was greatly in excess of the amount due; fourth, that the executrix of the Kingman estate failed to prosecute error or appeal from the court's finding, and that the company was surety for Kingman as trustee, and not as executor, and that Kingman was never appointed trustee of the Nichols' estate; fifth, that the court's finding was made on transactions prior to the company becoming surety for Kingman; sixth, that the court erred in failing

to allow Kingman's trust a credit for moneys lost, which had been invested in a first mortgage on foreclosure; seventh, that the company could not under the law of Ohio except to the findings and judgment of the probate court, nor prosecute error or appeal therefrom, nor now proceed at law to vacate the finding and fraudulent judgment, except in a court of equity.

The reply is, in substance, a general denial. And upon the issues joined, without the intervention of a jury, the trial court rendered judgment in favor of the plaintiff administrator and against the bonding company in the sum of $3,600, being the amount of its liability on the bond sued upon. Motion for a new trial was made and overruled.

Considering first the question that the probate court had no power or authority to open up and reconsider the matters and things adjudicated in the first partial account, as filed by Kingman in 1920, we submit that the Legislature has answered that inquiry, for it is plainly provided in Section 10835, General Code, that: "Upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein. Matters of dispute between two parties, which previously had been heard and determined by the court, shall not again be brought into question by either of the same parties without leave of the court."

The record is silent and does not disclose that there was any litigated question on the filing of the 1920 account, and no exceptions were filed thereto; hence the first clause of the section is directly applicable to the case at bar.

The rule of this statute has previously been passed upon in the case of *Lambright, Admr.,* v. *Lambright,* 74 Ohio St., 198, 78 N. E., 265, 6 Ann. Cas., 807, wherein the court held that upon settlement of an account all former accounts may be opened to correct mistakes or errors even though no exceptions were filed to the original account. To the same effect, see *Watts* v. *Watts,* 38 Ohio St., 480, and *Hunter, Admx.,* v. *Yocum,* 18 N. P. (N. S.), 14, 27 O. D., N. P., 31. This question therefore must be decided adversely to the company.

The plaintiff in error says that he had no redress from the finding of the probate court made upon the exceptions to the accounts. This claimed error is not advisedly taken, and is likewise answered adversely by statute. Section 11206 provides, in part: "Appeal may be taken to the common pleas court, by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the probate court in settling the accounts of an executor, administrator, guardian, and trustee  *  *  *."

This section is remedial in its nature and must be liberally construed to effect the purposes to be served by it. This rule is recognized and applied in *Trumpler, Admr.,* v. *Royer,* 95 Ohio St., 194, 115 N. E., 1018. In *Netting* v. *Strickland, Admx.,* 18 C. C., 136, 144, 9 C. D., 841, it is held that the sureties of a guardian may except to the finding of the probate court and perfect an appeal. The sureties of an executor or trustee have the same right under the statute, and in this case the company might have appealed from the finding of the probate court. It was represented by counsel, present at the

hearing, who did not take an exception or appeal therefrom.

The bonding company takes the position that it is surety for Kingman as trustee, and not as executor, and that for this reason it is not liable; and, further on in its answer, claims as a defense that Kingman was never legally appointed as trustee. The claims are inconsistent. The plain provisions of the testator's will clearly indicate that he expected his executor to pay his debts and to act in the capacity of trustee with respect to administering the trust provisions of his will; to this end the executor asked that the will be construed, that the trust be defined, and the amounts due the beneficiaries ascertained, all of which the court did. And the executor without further appointment or authority, and without giving a new bond as such trustee, proceeded to and did act as such trustee up to the time of his death. All of which the bonding company knew or should have known at the time of its execution of the bond sued upon. And it cannot now be heard to make the claims advanced. It is well stated in *Mathews, Admr.,* v. *Meek,* 23 Ohio St., 272, that: "As a general rule, the powers of an executor are co-extensive with all the trusts devolved upon him by the will, and all acts done by him in executing such trusts will be regarded as done in his capacity as executor, unless it plainly appears, from the whole will, that the testator intended to create a special trust to be managed by the person named as executor in the capacity of special trustee."

It cannot be questioned that Kingman as executor accepted the trust as directed in the will, and as defined by the court of common pleas at his instance.

He was the legal executor, and as such he assumed to retain the funds of the estate as trustee, and in either capacity he was liable to account to the beneficiaries. Kingman could not have repudiated the authority under which he presumed to act. Surely his surety stands in no more elusive shoes; and this court is unable to distinguish or appreciate the fine distinction which the bonding company now seeks to draw. Rather should it now be estopped from asserting such claim and receding from its position as surety which it knowingly and voluntarily assumed.

It is urged that the probate court had no jurisdiction to entertain the question before it or to pronounce the finding made. This we have previously herein decided otherwise. The further question now presents itself: Is the bonding company bound by the finding of the probate court in the absence of any fraud perpetrated against it? We have diligently searched the record and the transcript, and made inquiry of counsel on oral argument, and it has not been pointed out, or is it anywhere disclosed, that any fraud intervened in the proceedings in either the probate or the trial court. Fraud in this instance cannot be presumed. It is claimed that the probate court was mistaken as to the amount due. What if such were true? Mistake is not fraud. It would seem to this court to be preposterous to assume that every time a court made a mistake of law or fact it had perpetrated fraud. There being no proof of fraud or collusion in this case, this question must therefore be answered adversely to the company.

It is well settled that judgments are binding upon parties and those in privity with them; and the final settlement of an executor's or trustee's accounts,

and the determination by the probate court of the amount due, in the absence of fraud and collusion, conclude a surety in an action against it upon the bond; and this is right in reason and in law. By its bond the company contracted that Kingman would faithfully keep his trust, and that upon a breach thereof it would make restitution, and there being no fraud or collusion proved in this action the company is bound by the finding of the probate court, which equals the solemnity of a judgment, and this the plaintiff in error cannot collaterally attack even though it was not a party to the settlement or had no notice of it. The principle is supported by the holdings in *Braiden* v. *Mercer,* 44 Ohio St., 339, 7 N. E., 155; *Slagle* v. *Entrekin,* 44 Ohio St., 637, 10 N. E., 675, and *Garver* v. *Tisinger,* 46 Ohio St., 56, 18 N. E., 491, and is well stated in Stearns on Suretyship (3d Ed.), Section 221.

We have examined the other claimed errors and find no error therein. It is therefore the judgment of this court that the judgment below should be affirmed, which is accordingly done.

*Judgment affirmed.*

LEMERT, P. J., concurs.

HOUCK, J., not participating.