## SMITH et, GUARDIANSHIP OF; In Re v SMITH et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15863. Decided March 8, 1937

Feighan, Deibel, Price, Elbrecht & Roberts, Cleveland, for plaintiffs-appellant.

James McSweeney, Cleveland, for defendants-appeliees.

### OPINION

By LIEGHLEY, J.

This cause came to this court on appeal on questions of law from a judgment of the Common Pleas Court. The case was heard there on appeal from the judgment of the Probate Court.

Agnes B. Smith died intestate February 9, 1919. Fred E. Klingman served as administrator of her estate. She died leaving surviving her, her husband, William S. Smith, and two minor children, Jane E. Smith and William S. Smith.

Rose Becks Reitz was appointed guardian of these minors on her application on September 16, 1919. On February 24, 1921, said administrator paid to the guardian in full of the distributive shares of said minors the sum of $3997.23. Said guardian forthwith deposited the sum of $800.00 in an account in her own name, and the balance in another account.

Thereafter said guardian filed only one account on January 20, 1927, after several notices from the Probate Court and citation requiring her to account. This final account was approved on October 2, 1928. The final account charged the guardian with only the sum of $3197.93 received from the administrator, plus other small amounts, and a credit for payment to her husband, Herbert Reitz, for board, lodging, etc., for said minors for 208 weeks, the sum of $3122.08.

It is claimed that said guardian wholly failed to account for the $800.00 deposited

by her in her own name at the time she received the distributive shares of said minors from the administrator.

On February 21, 1935, being more than six years after the approval and confirmation of the final account, said minors, by Paul Mancino, as next friend, filed exceptions to said final account and claimed principally the misappropriation and misapplication of the $800.00 item and the moneys paid to her husband. The guardian thereafter filed a motion to dismiss the exceptions. After several continuances and partial hearings the Probate Court on December 5, 1935, overruled the motion to dismiss and sustained the exceptions and found the account incorrect and that the funds of said guardianship estate were misappropriated and misapplied in certain specific respects. The guardian was ordered to file an amended account which said guardian, after citation and summons, failed to do. On January 24, 1936, the Probate Court rendered judgment against said guardian for a sum in excess of $7500.00.

Said guardian gave notice of appeal to the Common Pleas Court and filed the required bond.

The Common Pleas Court heard said cause de novo on appeal and on October 14, 1936, sustained said exceptions to said final account and entered judgment against the guardian in about the same amount plus interest that was entered in the Probate Court. A motion for new trial was overruled and notice of appeal to this court on questions of law was duly filed.

The foregoing facts and dates of occurrences do not seem to be in dispute. The appellant contended that the moneys were spent for the use and benefit of the ward. She claims she was denied the right to show and establish this fact upon the ground that she was guardian of the estate only of these wards and any money expended without express authorization of the Probate Court was illegally paid for which she must account. She did not procure authority from the court and the guardian of the persons of these minors had given no orders so to do. §10935 GC, now §10507-16 GC. This seems to have been the reason for exclusion of this proof. The appellees contend for the correctness of this ruling of the trial court.

The appellant challenges the legality of this entire proceeding. The final account was settled and approved in 1928, and the contention is that the provisions of §10954 GC, then in force, exclusively control, which reads as follows:

"The settlement in the Probate Court of the accounts of a guardian is final between him and his ward unless an appeal be taken therefrom to the Common Pleas Court in the manner provided by law. But a subsequent guardian during the minority of his ward, or a ward, within two years after he arrives at full age, may open and review such settlement for fraud or manifest mistake by civil action in the Common Pleas Court of the county in which it was made, or the county where the former guardian resides when the petition is filed, as the plaintiff elects."

It has been decided many times that the Probate Court is a court of record, and that its judgments import absolute verity and cannot be attacked collaterally. **State ex v Morrow, 131 Oh St 266-276. Crawford v Zeigler, 84 Oh St 224.**

The settlement of this final account was and is a final judgment. No appeal was taken therefrom.

**Woodmansie v Woodmansie, 32 Oh St 18. Braiden v Mercer, 44 Oh St 339.**

**Errett, Guardian v Howert, 78 Oh St 109.** This section furnishes the procedure for impeaching such judgment for fraud or manifest mistake. It may be done by a subsequently appointed guardian during the minority of the ward, or, by the ward upon arriving at full age, by civil action in the Common Pleas Court. This supplies a full and comprehensive procedure. It necessarily excludes others not otherwise expressly provided. §10954 GC is now §10507-27 GC, with amendment.

But it may be claimed that former §11212 GC, which is now in substance the last sentence in §10501-22 GC, furnishes an additional remedy, which reads:

"The provisions of law governing civil procedure in the Court of Common Pleas, so far as applicable shall govern like proceedings in the Probate Court when there is no provision on the subject in this title."

The law now in force reads "in this act." Both sections contain the phrase "so far as applicable."

The code of civil procedure has no application and does not provide a cumulative or additional remedy for the solution of any problem in the Probate Court for which the Probate Code contains adequate remedy and procedure.

This omnibus application of civil code procedure to proceedings in Probate Court in all cases must be approved to justify invoking §11247 GC, by the provisions of which an

"action of an insane person must be brought by his guardian; and of an infant by his guardian or next friend."

The exceptions to the final account filed in this case was by next friend. No such authority is conferred by §10954 GC.

If it is sought to justify this form of action on the theory that it is purely procedural or remedial, and that the law in force at the time the exceptions were filed controls, then §§10506-40 and 10507-27 GC, should be read together, and no action by next friend is recognized or authorized. These sections broaden the scope of inquiry into a judgment, settling the accounts of a guardian but nowhere at the instance of a next friend.

Although the case of Row et v Row by etc., 53 Oh St 249, involves a next friend of an insane person, the language of the Supreme Court in the syllabus and opinion is equally cogent and applicable to a next friend of infants in matters relating to the administration and settlement of their estates in Probate Court.

"The guardian is responsible to the court for his conduct, but the next friend is responsible to nobody."

Nowhere in the Probate Code then or now may be found any authority for action by next friend in matters of accounting. It is doubtful if the term is anywhere used in the Act in this regard. A next friend may prosecute an action for personal injury, for instance, but the proceeds belonging to the minor are administered by a guardian appointed by the Probate Court and responsible to it.

It is our opinion that this final account should have been attacked by a guardian subsequently appointed or by the wards upon arrival at full age, and that this action by next friend is unauthorized by law.

The judgments of both courts are reversed for error of law without prejudice to another action by a proper party as provided in §10954 GC, and final judgment is rendered for appellant.

LEVINE, PJ, and TERRELL, J, concur in judgment.