## RUSSELL, ESTATE OF, In Re

Ohio Appeals, 7th Dist, Lake Co

Decided Aug 20, 1938

Herbert S. Duffy, Attorney General, Columbus, Hugh A. McNamee, Special Counsel, C. R. Berne, Cleveland, and L. W. Frazier, Asst. Special Counsel, Painesville, for appellant.

Thompson, Hine & Flory, Cleveland, E. P. Stocker, of counsel, Cleveland, Clayton G. Mally, Painesville, for appellee.

## OPINION

By CARTER, J.

This cause originated in the Probate Court of Lake County wherein exceptions were filed by the National City Bank of Cleveland, successor trustee, under the will of Emily L. M. Russell, deceased to the final account and first partial account of the Guardian Trust Co., executor of said estate. The exceptions were sustained by the Probate Court, appeal prosecuted to the Common Pleas Court wherein the exceptions were by that court sustained and appeal is prosecuted to this court on questions of law.

The operative facts are substantially as follows: The Guardian Trust Co. of Cleveland, Ohio was appointed executor of the will of Emily L. M. Russell by the Probate Court of Lake County, Ohio on October 29, 1930. On February 27, 1933 the Guardian Trust Co. restricted payment of its deposits to one per cent thereof which restriction was continued until June 15, 1933 when I. J. Fulton then superintendent of banks of the State of Ohio took charge of said company for the purpose of liquidation. While the trust company was operating on a restricted basis and prior to the date when the superintendent of banks took charge for the purpose of liquidation, the Guardian Trust Company filed with the Probate Court of Lake County a first partial account bearing date of May 18, 1933. In this account it claimed credit for disbursements as follows:

Principal Account

| | |
|---|---|
| October 28, 1931 Guardian Trust Co. fee to apply | $1,000.00 |
| March 30, 1932 Guardian Trust Co. fee to apply | 1,000.00 |
| June 29, 1932 Guardian Trust Co. fee to apply | 300.00 |

July 30, 1932, Guardian Trust Co.
fee to apply ............................ 200.00
November 21, 1932 Guardian Trust
Co. fees in full

| | |
|---|---|
| Six per cent on $1,000.00 | 60.00 |
| Four per cent on 4,000.00 | 160.00 |
| Two per cent on $138,553.99 | 2,771.08 |
| | 2,991.08 |
| Less fees taken to apply | 2,500.00 |
| | 491.08 |

Income Account

| | |
|---|---|
| March 11, 1932 | 23.40 |
| June 13, 1932 | 5.85 |
| September 12, ˙˙˙˙ | 6.94 |
| December 12, 1... | 4.22 |
| Total Fee | $3,031.49 |

As above indicated before the first partial account was filed the Guardian Trust Co. had suspended payment of its obligations at which time there were funds of the Russell estate on deposit in this bank in the amount of $12,745.36, of which only one per cent could be withdrawn. This partial account was by the Probate Court of Lake County approved on July 3, 1933, there having been no exceptions filed to this first partial account and according to the opinion of the Probate Court which is attached to appellee's brief the Probate Court had no knowledge at the time of the approval of this first partial account that payment had been restricted by the bank to one per cent. On January 15, 1934 the superintendent of banks filed on behalf of the Guardian Trust Co. as executor a final account which final account indicated that as of June 15, 1933 when the superintendent of banks took charge for liquidation the Guardian Trust Co. was indebted to the Russell estate for funds deposited by the executor in the amount of $12,987.26, and a certificate of claim issued to the National City Bank of Cleveland, successor trustee for that amount. To the final account the successor trustee the National City Bank of Cleveland filed exceptions not only to the final account but directed as well to the first partial account and moved the Probate Court that the partial account be opened for the correction of mistakes and errors therein.

Both lower courts held that the partial account should be re-opened, vacated the approval thereof and sustained the exceptions and held that the executor should be charged with $3,031.49 taken by it as compensation and ordered the executor to pay interest thereon in the amount of $218.78;

that the compensation claimed by the executor and allowed by the executor should not be paid to it until all of the impounded deposits and all the interest thereon should be paid to the successor trustee.

Were the lower courts in error in so holding? First, as to the propriety of the opening of the executor's first partial account upon exceptions being filed to its final account. As hereinbefore indicated no exceptions were filed to this first partial account. Therefore its settlement by the Probate Court was not of an adversary character but ex parte only. §10506-40, GC, subsection C thereof provides:

"Upon any settlement of an account all former accounts may be so far opened as to correct a mistake or error therein on condition however, that a matter in dispute that has been previously determined by the court shall not be brought in question by either of the parties without leave of court upon good cause first shown."

This provision of the Code apparently permits re-opening of an account which has been settled in the absence of an adversary proceeding. Deibel's Ohio Probate Law, 1936 Edition, §721 (4) makes the following observation in connection with this section:

"As to a partial account in the absence of an adjudication upon exceptions by the Probate Court the Probate Court has authority to examine it in any future settlement the same as if no order of settlement had been made.

"Mistake or error appears to include anything and the Probate Court can reverse himself except where his former ruling was reviewed or it was appealed from."

To this effect see In Re Estate of Steltenpohl, 53 Oh Ap 541, 7 O.O. 120, wherein the court held:

"An order of the Probate Court re-opening the final account of an executor on the application of a creditor for fraud and manifest error is maintainable either under the old law, §10834 GC or under §10506-40 GC and related sections of the Probate Code."

In the case of In Re Trusteeship of Conover, 26 Abs 184 the court held under the provisions of §11033 GC which was the forerunner of the present statute:

"This section permits court to open up all former accounts to correct a mistake or error and was passed by the Legislature to meet just such a situation where prior accounts were formerly approved by the court without exceptions being filed thereto and inasmuch as court has never had a hearing upon the matter exceptors in filing exceptions to second and final accounts can now open up all prior accounts for the purpose of having court determine matters with reference to investment of trust funds."

To the same effect see **In Re Guardianship of Lodge, 32 N.P. (N.S.) 40.** In this case exceptors sought to reopen partial accounts of a guardian for the purpose of objecting to certain credits claimed by the guardian. These credits represented investment of funds. The claim of the exceptors was that the investments were improper guardianship investments. There was no question but that the figures stated in the account were correct. The court was asked to go behind the arithmetical computation and to hold that the credits claimed were improper as a matter of law. To the contention on behalf of the guardian that the credits complained of did not constitute errors or mistakes sufficient to justify re-opening of the former accounts the Probate Court replying thereto stated that no such limitation upon the power to re-open could be implied from the Code, that the legal propriety of credits claimed by an accounting fiduciary was much more important than merely the arithmetic of his computation and reached the following conclusions: 1. Filing of partial account by guardian of estate of an incompetent person is an ex parte proceeding which becomes adversary only upon the filing of exceptions. 2. Exceptions filed to a subsequent account will reach all former counts which were ex partee and not made adversary by the filing of exceptions thereto. 3. The language of §10506-40, GC, must be construed to include not merely clerical errors and mistakes contained in former accounts but matters of substance as well, such as the question of the lawfulness of an investment shown in such previous accounts.

In the case **In Re Trusteeship of Couden, 9 Oh Ap 207** a trustee account previously settled ex partee was reopened for the purpose of examining the propriety of certain investments for which the trustee had claimed credit in the account. **In Re Estate of Brown, 22 O.L.R. 450,** the re-opening of an account was permitted for the purpose of questioning the reasonableness of the charges of the administrator and his attorneys. In **Lambright v Lambright, 74 Oh St 198** a partial account was re-opened to rectify an omission wherein the administrator had neglected to charge himself with an indebtedness which he owed to the estate. In the case of **Watts v Watts, supra, 38 Oh St 480** which has been considered the law of this state for many, many years, the court held:

"Upon the settlement of an account by an executor and administrator, all his former accounts may be so far opened as to correct any mistake or error therein, except as to matters in dispute between two parties which had been previously heard and determined by the court which shall not again be brought in question without leave of the court. This includes the power to correct all errors or mistakes of the court as well as of the executor or administrator found in former settlement whether as to items embraced in or omitted from such former accounts."

In the case of **Marks, Gdn. v Marks, 58 Oh Ap 266, 12 O.O. 158,** decided by the Court of Appeals of this district, the court held:

"In a proceeding to settle a guardianship account the court may open up former accounts, even though they have been adjudicated before a Probate Court, in order to correct any errors or mistakes therein, particularly where a party with adverse interests in the settlement of those accounts was insane at the time and had no actual notice of the proceedings."

It appears to this court that the intent of the Legislature as evidenced by §10506-40, GC, is that a fiduciary shall remain subject to attack on his accounts until he has finally accounted for his trust. Certainly if the executor had no right to these fees until after allowance by the court they were erroneously or mistakenly taken. We think that the statute in question covers a situation as here presented and that there was an error or mistake in this regard subject to correction by the Probate Court. Or mistakes at least existed in the credits claimed and paid as compensation by the Guardian Trust Co. prior to the allowance by the Probate Court. This compensation was wrongly taken by the fiduciary and erroneously allowed by the Probate Judge, apparently without knowledge of the situation at the time of allowance.

Webster defines "mistake" as follows:

"To take away wrongly or improperly; to err in opinion or judgment; to be guilty of a wrong conception; misunderstanding or misapprehension; to commit an error."

"Error" is defined as follows:

"Mistake in the proceedings of a court of record in matters of law or fact; misapprehension, perversion, mistake, blunder."

We believe that the facts before us disclose that there was mistake or error and possibly both in connection ▆▆▆▆▆▆ with the appropriation of the the fees in question by the executor before allowance, and the allowance of same by the Probate Court without knowledge of the conditions at the time; that the court was under misapprehension of the true facts when the partial account was approved. We think the lower courts were not in error in ordering the opening of the first partial account upon filing of exceptions by the successor trustee to the final account. The Probate Court in its discretion allowed the executor compensation in the amount of $3,031.49, being the amount claimed. This allowance rested in the sound discretion of the court and no error is prosecuted by the estate to this allowance. However, the lower courts deferred payment of these commissions until the executor had paid the estate an amount which together with the commissions would equal the amount on deposit, at which time the allowance would become effective and ordered the guardian to repay the fees deducted with interest thereon. If these fees were wrongly taken prior to allowance and we hold such to be the case, as nothing was due the guardian at that time, then and in that event the executor had the use of this money which belonged to the estate ▆▆▆▆▆▆ and the estate would be entitled to interest thereon. To this effect see Wheelwright v Rhodes, 28 Hun. (N. Y.) 57; In Re Herrick, 12 N. Y. Supplement, 105; Myers Estate, 67 How-Pr. N. Y., 170; Matter of Peyser, 5 Dem. Surr., N. Y., 244; U. S. Trust Co. v Bixby, 2 Dem. Surr., N. Y. 244; Lacey v Davis, 4 Redf. Surr., N. Y. 402; Freeman v Freeman, 4 Redf. Surr., N. Y. 211; Whitney v Phoenix, 4 Redf. Surr., N. Y 180, wherein these courts held in substance that interest is chargeable to a personal representative on sums appropriated by him in payment of his commissions in advance of their judicial allowance from the date of appropriation to the date of allowance. 18 Cyc. page 1143 under the subject of the necessity for judicial allowance states:

"Personal representatives have no right to appropriate assets of the estate for the payment of their commissions until an allowance thereof by the court."

In the case of **Overturf v Gerlach, 62 Oh St 127** the court say:

"Until allowed by the Probate Court, the compensation and commissions of an administrator, or executor to which he may be entitled in the settlement of an estate, cannot be attached or, by any similar process appropriated to the payment of his claim by creditor of such executor or administrator."

**Sec 10509-192, GC,** provides:

"Executors and administrators may be allowed compensation upon the amount of personal estate collected and accounted for by them and of the proceeds of real estate sold by order of the court or under direction of the will which must be received in full compensation for all their ordinary services as follows: For the first thousand dollars at the rate of six per cent, all above that sum and not exceeding five thousand at the rate of 4 per cent and all above five thousand at the rate of 2 per cent."

It will be observed that this section provides that the executors and administrators may be allowed compensation and until such allowance is made certainly the administrator or executor would not be entitled to fees. There is a certain degree of discretion lodged in the court as to the amount to be allowed depending on circumstances. If so, under this statute we believe the Probate Court in its discretion under the circumstances could ▆▆▆▆▆▆ defer compensation as was done by the Probate Court in the case at bar. The lower courts were not in error in charging the executor bank interest on the compensation deducted by the executor prior to allowance. It appears to this court as a matter of equity and justice that the assets of the estate should not be further depleted by allowance of commission to the executor while at the same time the executor owed a large amount to the estate which may never be repaid by the bank.

Summarizing our view we are of the opinion that the court did not err in the opening of the first partial account and sustaining the exceptions thereto; that neither did it err in charging interest on commissions taken prior to the allowance and that they were not in error and not guilty of abuse of discretion in postponing the payment of

these commissions until funds on deposit in the bank had been fully accounted for. Judgment of the lower court affirmed. The same principles announced herein are equally applicable to case No. 360 and the judgment of the lower court in that case is also affirmed.

NICHOLS, PJ, and BENNETT, J, concur in the judgment.