In re Estate of Johnson : Morgan, Trustee, Appellee, *v.* The Fidelity & Casualty Co., Appellant.

(Decided January 6, 1941.)

*Messrs. Baker, Hostetler & Patterson,* for appellee.
*Messrs. Howell, Roberts & Duncan,* for appellant.

Montgomery, J.   Frank D. Johnson qualified in the Probate Court of Cuyahoga county as trustee under the will of his uncle, Thompson H. Johnson.   He gave bond in the sum of $60,000 with the Fidelity & Casualty Company of New York as surety.   The condition of the bond was that, "if Frank D. Johnson shall faithfully discharge all of his duties as trustee of the estate of Thompson H. Johnson, deceased, under the provisions of the last will and testament of said Thompson H. Johnson, deceased, as the law requires, then the above obligation to be void, otherwise to remain in full force in law."

The trustee was removed from office for breach of

trust. Exceptions to his accounts were sustained and a judgment rendered against him in the sum of $146,-266.79 with interest from April 21, 1939. On appeal to the Common Pleas Court there was a modification of the amount, and, on appeal to this court, there was a further modification. But, as modified, this court affirmed the judgment to the extent of approximately $115,000, in case No. 18071, recently decided. Counsel in both cases are the same and reference can be had to our opinion in that case as to the facts affecting the principal.

The judgment of the Probate Court against Johnson was entered April 21, 1939, and it directed payment within ten days. Copy of the order was served, as directed, upon the surety. The judgment was not paid, execution was issued and returned unsatisfied. Formal demand was made on the surety on May 2, 1939, which demand was not honored.

Thereafter this action was instituted in the Probate Court against the surety, asking that it be made a party to the judgment against Johnson, to the amount of the bond, $60,000, with interest at six per cent from May 2, 1939, for which amount judgment should be rendered against the company. That judgment was awarded, and from it an appeal was taken to this court.

A number of defenses were interposed. Some of them this court answered in the case of *United States Fidelity & Guaranty Co. of Baltimore* v. *Wood, Admr.,* 35 Ohio App., 224, 172 N. E., 383, on pages 231 and 232, of the opinion. True, the *Wood case,* was an action brought on the bond, but based solely on the finding of the Probate Court. That brings us to the question of the right of that court to enter judgment against a surety on what might be termed a supplemental proceeding, which is the chief reliance of the appellant.

That the proceeding was rather summary will not

avail as a defense, if it was authorized. As stated in *Smith* v. *Worley,* 12 Ohio App., 367:

"* * * sureties on the bond of a testamentary trustee are presumed, like other statutory sureties, to contract in view of the law in force at the time controlling their liability, * * *."

The two sections of the General Code of Ohio, on which appellee relies, and we think justifiably relies, are:

Section 11652, General Code. "Sureties on the bond of an executor, administrator, guardian, or trustee, may be made parties to a judgment thereon against the principal, by action."

Section 10501-22, General Code. "In the exercise of jurisdiction the probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided by law for the Courts of Common Pleas and the judges thereof in vacation, so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the Court of Common Pleas, so far as applicable, shall govern like proceedings in the Probate Court when there is no provision on the subject in this act."

Conceded that the judgment against Johnson was not directly upon the bond, it was for failure to comply with the specific condition of the bond. The only question involved in either action was whether the trustee was faithful to his trust, and, if not, then the extent of the liability. Both actions arose directly from the fault of Johnson, to insure against which the bond had been given.

It seems to us that such a procedure was not only authorized, but was contemplated, when these two quoted sections of the Code are considered.

The sole remaining question is that of interest. It was affixed as of the date of the demand. Judgment

had been rendered against Johnson and was not collectible. The obligations of the bond had become absolute. The company owed to the successor trustee the amount of the bond from the date of the demand. If it withheld payment thereafter, it did so under the liability for interest from the due date.

Section 8305, General Code, reads:

"In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six per cent per annum, and no more."

The judgment may be affirmed.

*Judgment affirmed.*

SHERICK, P. J., and LEMERT, J., concur.

SHERICK, P. J., LEMERT and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.