BERNHARD et al., Appellants,

v.

PERRYSBURG TOWNSHIP et al., Appellees.

[Cite as *Bernhard v. Perrysburg Twp.*, 185 Ohio App.3d 470, 2009-Ohio-6345.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–09–019.

Decided Dec. 4, 2009.

Marilyn L. Widman and Amy L. Zawacki, for appellants.

James P. Silk Jr. and Louise A. Jackson, for appellees Perrysburg Township and Perrysburg Township Trustees.

Richard Cordray, Attorney General, and Dennis P. Smith Jr., Assistant Attorney General, for appellee Ohio Police and Fire Pension Fund.

Richard Cordray, Attorney General, and Theodore L. Klecker, Assistant Attorney General, for appellee Ohio Public Employees Retirement System.

BOYLE, Judge.

{¶ 1} Appellants, a group of seven public employees, filed a complaint for declaratory judgment asserting a right to retrospectively participate in the Ohio Police and Fire Disability and Pension Fund ("OP & F"). The Wood County Court of Common Pleas granted summary judgment in favor of the defendants, Perrysburg Township ("Perrysburg"), the OP & F, and the Ohio Public Employees Retirement System ("OPERS"). The public employees appealed. For the following reasons, we affirm the trial court's judgment.

{¶ 2} Perrysburg has currently classified and titled appellants as "firefighter/paramedics." They were classified as such via a resolution passed by Perrysburg in 2003. Prior to 2003, however, Perrysburg had classified appellants as "paramedic/firefighters." Appellants' job duties remained substantially the same after the 2003 reclassification.

{¶ 3} Appellants participated in OPERS beginning at the time of their hiring. In 1996, Perrysburg entered into an agreement with the Perrysburg Township Emergency Medical Service Employees, which included appellants. The agreement contained an article stating that Perrysburg would begin participation in the OP & F on appellants' behalf, rather than in OPERS. This article was contingent, however, on possible changes to OPERS's retirement provisions. The possible changes and the contingency did not occur, and the article was not triggered. In 1999, a second agreement between the two parties was executed, which provided that Perrysburg and appellants would continue participation in OPERS. The agreement also stipulated that appellants' OPERS participation would be governed by the Ohio Revised Code.

{¶ 4} In 2003, when appellants' employment classification and title were changed via township resolution to "firefighter/paramedic," appellants became members of a collective-bargaining unit of firefighting personnel. Thus, they began participating in OP & F. To reiterate, Perrysburg's reclassification of appellants did not alter appellants' job duties and responsibilities.

{¶ 5} Appellants filed a complaint for declaratory judgment against Perrysburg, the Perrysburg Township Trustees, OP & F, and OPERS, requesting a judgment declaring that (1) they should have been participants from their dates of hire in OP & F, (2) they are, retroactive to their dates of hire, members of OP & F, and (3) all contributions and service credits made from each appellant to OPERS should be applied in full towards membership for each appellant in OP & F, retroactive to their dates of hire.

{¶ 6} All parties moved for summary judgment. The trial court denied appellants' motion and granted the motions of each defendant. Appellants now raise the following assignment of error:

{¶ 7} "The trial court erred in granting summary judgment in favor of all appellees and against appellants in the declaratory judgment action."

{¶ 8} Concomitantly, appellants raise two issues for review:

{¶ 9} "1. Was it proper for the trial court to conclude that appellants were not full-time firefighters prior to 2003?

{¶ 10} "2. Was it proper for the trial court to conclude that the 1996 Agreement did not entitle appellants to participate in Ohio Police and Fire Pension Fund since January 1, 1996?"

{¶ 11} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 10, 746 N.E.2d 618. Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3)

it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654.

{¶ 12} The trial court determined that no issue of fact remains to be litigated. Upon review of the motions for summary judgment, the affidavits, and the supporting evidence, we agree. The legal issue to be determined is whether appellants' employment prior to their formal appointment as firefighter/paramedics in 2003 entitles them to retroactive participation in the OP & F.

{¶ 13} The OP & F was created "for the purpose of providing disability benefits and pensions to members of the fund" and their surviving dependents. R.C. 742.02. The OP & F is created and controlled by statutes and regulations. R.C. 742.01 et seq.; O.A.C. 742–1–01 et seq. To be a member of the fund, an employee must be a "member of a police department," R.C. 742.01(A)(2), or a "member of a fire department." R.C. 742.01(B)(2). Appellants' complaint alleges that their classification from their hire dates until their reclassification in 2003 entitles them to retrospective participation in the OP & F. The complaint requests the township and OPERS to retrospectively credit their OP & F accounts with funds and time credits for that employment period.

{¶ 14} To be a qualifying "firefighter" member of the OP & F, an employee must be:

{¶ 15} "(a) Any person who commences employment after November 8, 1990, *as a full-time firefighter with a fire department,* in a position in which the person is required to satisfactorily complete or have satisfactorily completed a firefighter training course approved under former section 3303.07 or section 4765.55 or conducted under section 3737.33 of the Revised Code;

{¶ 16} "(b) Any person who has elected under section 742.515 of the Revised Code to be transferred from the public employees retirement system to the Ohio police and fire pension fund;[1]

{¶ 17} "(c) Any *full-time firefighter* who, on November 8, 1990, is a member of the Ohio police and fire pension fund." R.C. 742.01(B)(2). (Emphasis added.)

{¶ 18} Also, the OP & F points to R.C. 505.38, which governs the manner in which townships may appoint members of township fire departments. The statute provides:

---

1. R.C. 742.515 allows a "full-time firefighter" who was a member of OPERS prior to November 8, 1990, to transfer credits to the OP & F.

{¶ 19} "The board [of township trustees] shall provide for the employment of firefighters as it considers best and shall fix their compensation. No person shall be *appointed as a permanent full-time paid member,* whose duties include fire fighting, of the fire department of any township or fire district unless that person has received a certificate issued under former section 3303.07 or section 4765.55 of the Revised Code evidencing satisfactory completion of a firefighter training program. Those *appointees* shall continue in office until removed from office as provided by sections 733.35 to 733.39 of the Revised Code. To initiate removal proceedings, and for that purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with those sections. * * *." (Emphasis added.)

{¶ 20} Likewise, with respect to background checks, R.C. 505.381 provides that the fire chief of a township or fire district "may request * * * a criminal records check with respect to any person *who is under consideration for appointment or employment as a permanent, full-time paid firefighter* * * *." (Emphasis added.)

{¶ 21} If more than 10,000 persons reside within the township, then the township "shall comply with the procedures for the employment, promotion, and discharge of firefighters provided by Chapter 124. of the Revised Code * * *." R.C. 124.01(F) defines "employee" as "any person holding a position subject to appointment, removal, promotion, or reduction by an appointing officer."

{¶ 22} Appellants argue that because their job responsibilities prior to 2003 involved firefighting duties, they should be classified as "members of a fire department" retrospectively to their dates of hire. They argue that if they are currently qualifying OP & F members, then they should always have been qualifying OP & F members. In support of their claims, appellants submitted evidence of their job duties and training before and after their reclassification.

{¶ 23} Appellees do not dispute this evidence, acknowledging that prior to 2003, appellants had some firefighting duties. Appellees point, however, to evidence showing that appellants' primary job responsibility was patient care and that appellants' fire suppression duties were supplemental to their paramedic duties. We agree with appellees that although appellants had some firefighting duties, those duties were supplemental to their paramedic and EMS duties.

{¶ 24} Regardless, the dispute as to whether appellants' actual duties were sufficient to render them "full-time firefighters" prior to 2003 is made superfluous by statutory law. As the OP & F correctly notes, the General Assembly has decided that township trustees have the authority to decide who is appointed as a "firefighter." R.C. 505.38 provides the process for the appointment and removal of firefighters employed by the township; the statute requires persons to be employed as firefighters to receive an "appointment" by the township. The

evidence submitted shows that Perrysburg did not consider appellants eligible for membership in the OP & F until their designation as such in 2003.

{¶ 25} Appellants respond that R.C. 742.01(B)(2)(a) does not require an "appointment" as a full-time firefighter in order to participate in the OP & F; appellants point to the phrase "commences employment * * * as a full-time firefighter." Appellants argue that "appointment" is a hypertechnical reading of the statutes and argue that using the plain meaning of "appoint," they were "appointed" as full-time firefighters from their hire dates. They cite *Roberts v. Wellston*, 4th Dist. No. 03CA14, 2004-Ohio-606, 2004 WL 251216, for an example of a court looking at the plain meaning of "appointment": "An 'appointment' is 'the designation of a person, by the person or persons having authority therefor[], to discharge the duties of some office or trust.' Black's Law Dictionary 99 (6th ed.1990)." Id. at ¶ 13.

{¶ 26} Appellants' argument is insufficient to counter the multiple uses of the terms "appointment" and "appoint" in the statutes governing the authority of township trustees to designate who is and who is not a full-time firefighter. Neither does their argument circumvent the statutes governing the OP & F. Here, Perrysburg clearly did not intend appellants' employment status to constitute "full-time firefighter" until 2003, when the trustees formally acted to "designate" appellants as such—whether it is construed as a "technical" appointment or not. Therefore, appellants' assignment of error is not well taken.

{¶ 27} Still, appellants point to the 1996 agreement, which, they argue, entitled them to participate in the OP & F. Ignoring the subsequent 1998 agreement, under which they agreed to continue participation in OPERS, appellants argue that Perrysburg breached the 1996 agreement by not enrolling them in the OP & F.

{¶ 28} In response, the OP & F defends the trial court's judgment on another ground, arguing via a cross-assignment of error that the doctrine of laches should bar appellants' argument that Perrysburg breached the 1996 agreement. Since the trial court construed the relevant statutes and rules to require an OP & F member to be "appointed" as a full-time firefighter, it did not reach this argument on summary judgment, although it was presented. The cross-assignment of error, submitted pursuant to App.R. 3(C)(2) to prevent reversal of the trial court's judgment, states:

{¶ 29} "The trial court erred by not finding that appellants' claims were barred by the doctrine of laches."

{¶ 30} Because we found appellants' assignment of error not well taken, we cannot address this assignment of error as such. App.R. 3(C)(2). However, we find that it is another reason supporting our conclusion that appellants' assign-

ment of error has no merit and that summary judgment was properly granted to appellees.

{¶ 31} The doctrine of laches bars a judgment if there was (1) an unreasonable delay or lapse of time in asserting a right, (2) an absence of excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the defendant. *Mason City School Dist. v. Warren Cty. Bd. of Elections,* 107 Ohio St.3d 373, 2005-Ohio-5363, 840 N.E.2d 147, ¶ 12, quoting *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493, 700 N.E.2d 1234. Whether the four elements of the doctrine are met is ultimately a factual determination. *Hara v. Montgomery Cty. Joint Vocational School Dist.* (1996), 75 Ohio St.3d 60, 64, 661 N.E.2d 711.

{¶ 32} We agree that the trial court's judgment should also be affirmed on this alternative ground. Appellants believed that they had a claim to membership in the OP & F as early as 1996. Perrysburg created a full-time firefighting force in 1997, which did not include appellants; these firefighters were immediately enrolled in the OP & F. In 1999, appellants entered into another agreement with Perrysburg, wherein they agreed to remain members of OPERS. Thus, appellants knew of their claimed injury by 1999 at the latest, but did not file the instant complaint for declaratory judgment until August 2007. These facts demonstrate both an unreasonable delay in asserting the claimed right and also actual knowledge of the claimed injury.

{¶ 33} OP & F and Perrysburg have submitted evidence demonstrating that the cost of purchasing retrospective service credit for appellants through the OP & F was significantly higher in 2007 and onward than it would have been when appellants were aware of their claimed injury. Perrysburg and OP & F have demonstrated the prejudice that would result if appellants' claims were now valid.

{¶ 34} Once a defendant has demonstrated the elements of a laches defense, the burden shifts to the plaintiff to explain the delay. *Stevens v. Natl. City Bank* (1989), 45 Ohio St.3d 276, 285, 544 N.E.2d 612, citing *In re Russell* (1938), 60 Ohio App. 385, 13 O.O. 239, 21 N.E.2d 604. On motions for summary judgment, appellants attempted to explain that they had sought to resolve these issues without resorting to litigation. However, according to OP & F, documentation shows that appellants did not attempt to contact OP & F until 2003— approximately four years after the 1999 agreement in which appellants agreed to remain in OPERS. Also, appellants argue on appeal that their right to participate in the OP & F arose in 1996—which undercuts their argument that they did not unreasonably delay in asserting their right to do so. We find no facts in the record sufficient to support appellants' delay in asserting their claimed right.

Accordingly, the doctrine of laches also supports the trial court's order granting summary judgment to appellees.

{¶ 35} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this matter pursuant to App.R. 24.

Judgment affirmed.

HANDWORK, P.J., and SINGER, J., concur.

MARY J. BOYLE, J., of the Eighth District Court of Appeals, sitting by assignment.