**CROUSE, Estate of, In Re**

Ohio Appeals, 7th Dist, Columbiana Co

Decided Dec 8, 1932

W. O. Wallace, Columbiana, for appellant.
Everett L. Lyon, East Palestine, for appellees.

POLLOCK, J.

The only issue to be determined in this proceeding is whether upon application made the Probate Court of Columbiana County, under authority of law, might make an order directing the appraisers of the Louis Crouse estate to make such allowance. The Probate Court acted favorably upon such application, under authority of §10656, GC, which section provides:

"The appraisers also must set off and allow to the widow, and children under the age of fifteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death. If the widow or such children, since then, and previous to such allowance, have consumed any part of the estate for their support, the appraisers shall take that into consideration in determining the amount of the allowance."

On appeal to the Court of Common Pleas, the same finding was made by that court, and the case was remanded to the

Probate Court with directions to appoint such appraisers. Written opinions were filed by the judges of the Probate and Common Pleas Courts, which are a part of the brief of the applicant for the widow's allowance. These set out the issue to be determined here.

It is held in the case of **Bane v Wick, 14 Oh St, 505,** that where no allowance has been made to the widow by the appraisers of her husband's estate, her right to such allowance survives to her executors unless she had waived or relinquished such right, or unless such right had been barred by a sufficient lapse of time to make such claim stale. And this is one of the grounds urged by the objectors, who assert:

(1) That the claim in this instance is stale.

(2) That no application having been made within eighteen months under favor of §10746, GC, the same is barred by such statute.

It must be noted, however, that no allowance could have been made prior to April 13, 1928, because no executor of the estate of Louis Crouse had been appointed prior to that time, and the widow died before the appointment of such executor. After the appointment of the executor, it was his duty, with the aid of the appraisers, to make and return a proper inventory of the assets of such estate, under the provisions of §10647, GC, and under §§10656 and 10657 GC it was the duty of the appraisers to set off and allow a sufficient amount for a year's support to the widow, and the statute investing the widow with such right does not make such allowance dependent on her necessities, nor upon her demanding or omitting to demand such allowance. It was the mandatory duty of the appraisers, under the statute, to set off such allowance, and it is readily apparent that the reason the allowance was not made was the failure of the executors and appraisers to do their duty.

It has been held in this jurisdiction in **In Re Estate of Rierdon, 5 O. D., 606, 5 N. P., 516,** that such allowance may be made at any time before an estate has been fully administered. The opinion in this case is by Judge Rockel, a well-known authority on probate law and practice.

Attention is called to In Re Estate of Patterson, 58 W.L.B., 305, 11 OLR, 372. However, in that case, somewhat different issues were involved, but in the well-considered opinion a number of collateral matters are determined which are of importance in the instant case. However, in the case at bar the estate has not been closed, and no case has yet been discovered holding to the effect that, where an estate has not been closed, a widow may not demand and have set off to her a year's maintenance. Consequently, the claim cannot be stale.

Sec 10746, GC, bars the commencement of an action within a certain period, but that is not the issue in the instant case, because no allowance has yet been made and no action could therefore be maintained, if at all, to enforce a claim for the widow's allowance. Consequently, the application for a year's maintenance was not the commencement of an action within the purview of §10746, GC.

The case of **In Re Estate of Glenn, 13 C. D., 397,** is not applicable in the instant case, as disclosed in the opinion in In Re Estate of Patterson, 58 W.L.B., 305, **11 OLR, 373.** It is not claimed that the widow ever relinquished her right to the allowance in the husband's estate, nor was her conduct such as to show a waiver of the right, because it will be recalled that some three or four or five of the surviving children made their home with the widow upon the farm after the decease of Louis Crouse, and it would hardly be fair to say that Margaret Crouse, the widow, consumed all of the property mentioned in the brief of the objectors; nor does the election of the widow to take under the will of her deceased husband bar her of her right to a year's maintenance. §10572, GC, expressly so provides, and the claim that the widow had consumed a considerable amount of the personal property of her deceased husband, after his death, is assigned for a reason why the application should not be granted in the instant case. However, §10656, **GC,** above quoted, takes care of this contention, and provides that the widow may be charged with anything she may have consumed from her husband's estate. It is true that the appraisers do not act in a judicial or quasi judicial capacity in making such allowance, nor may they finally determine the question of what amount, if any, should be deducted from the amount set off to the widow, but rather it is provided that the appraisers in determining the amount of her allowance shall take into consideration the amount consumed by the widow; and, finally, the Probate Court may hear all proper testimony and increase or decrease the amount allowed to such widow, and, upon such hearing in the Probate Court,

all of the issues raised in the brief of objectors can be determined.

This court, for two reasons, could not now take cognizance of the amount of the property set out in the objector's brief as having been consumed by the widow: First, for want of jurisdiction; and, second, because there is no testimony whatever in the record to sustain the claims made.

It follows, therefore, that the Probate Court and Court of Common Pleas were correct in determining that an application may be entertained for the appraisers to make an allowance in behalf of the estate of the deceased widow.

Consequently the judgment and finding must be in favor of the applicant, and this cause be remanded to the Probate Court for such proceedings as are authorized by law.

Decree accordingly.

ROBERTS and FARR, JJ, concur.