## SHANOWER v COOK et

Ohio Appeals, 5th Dist, Stark Co

No 1445. Decided May, 1934

C. B. McClintock, Canton, and H. W. Petzinger, Kent, for plaintiff in error.

Price Janson, Canton, L. B. McMillen. Canton, and Carl F. Klein, Canton, for defendants in error.

## OPINION

By LEMERT, J.

The petition filed by said defendants in error, Ralph S. Cook and Carl F. Wise, administrators de bonis non with the will annexed of the Estate of Emilie Freedy, deceased, claimed that there was fraud in the account of Merl F. Shanower, former executor, as having shown two checks paid dated May 5, 1931, to John T. Ruffing for $500.00 and one dated May 5, 1931, to John T. Ruffing for $200.00. The undisputed testimony shows that said checks were given to John T. Ruffing on said date and Merl F. Shanower, as executor, took receipts from said Ruffing. Said checks were drawn on The First State Bank of Louisville, Ohio, and said First State Bank of Louisville was closed for liquidation by the State Banking Department on June 1, 1931.

Said Merl F. Shanower filed his second partial account in the Probate Court of Stark County on the 18th day of January, 1933. On February 14, 1933, the legatees and devisees of said will filed exceptions to said account and on the same date filed a motion for the removal of said executor, and upon the hearing of said exceptions and motion in the Probate Court of Stark County, during the month of March, 1933, the court found that there was a deficiency

of $1,421.18 due said estate from said executor and on or about March 31, 1933, said Probate Court rendered judgment in favor of the estate against said Merl F. Shanower for said amount and the amount so found due was paid by the said Merl F. Shanower to the administrators de bonis non.

When these exceptions to said account came on for hearing before the Probate Court, it was agreed by counsel for all parties in interest that Mr. Petzinger and Mr. McMillen should make an examination to the books at The First State Bank of Louisville and determine the amount that was due, both parties agreeing to be bound by said finding. The parties made a finding that there was due the sum of $1,431.18 and said sum was paid. The petition on appeal filed in the Common Pleas Court of Stark County, Ohio, was based entirely on these two checks dated May 5, 1933, payable to John T. Ruffing, one calling for $500.00 and the other for $200.00.

It is the duty of every executor to account for all property coming into his hands. In the instant case the record shows that this was not done. The executor did not properly perform his duty to account in either his first or second partial accounts, and it was necessary for the legatees to file exceptions, upon the hearing of which it was found that there was due the estate $1,431.18 for which the executor had not accounted. Then subsequent to this hearing it was discovered that the two items previously mentioned, entered in his second partial account as paid, were not, in fact, paid. The false entry in the second partial account prevented discovery of the additional shortage of $700.00 at the time of the hearing on the exceptions.

So that the question arises: Can the plaintiff in error escape the consequences of his breach of duty, and prevent the reopening of the settlement of the second partial account, and so keep the $687.15 which belongs to the estate, by pleading that he did not know those items were not paid at the time that he filed the account? We are of the opinion that the plaintiff in error was guilty of either actual or constructive fraud. If the said executor did not perform his duty properly, he certainly should not be permitted to plead that breach as a means of preventing the reopening of the settlement of said account, thus allowing him to keep the money which belongs to the estate.

Some contention or question is made on the right of the defendants in error to file a motion in the Probate Court to reopen said account. We find that upon an examination of this motion, it amounts to and is, in fact, a petition which prays for a judgment and the defendants were within their rights in the filing of said motion.

On the question made by plaintiff in error as to the jurisdiction, we believe it to be a well established general rule in Ohio, subject however to certain exceptions, that a reviewing court in error proceedings will consider only such alleged errors in the lower court as were preserved by objection and exceptions in that court. The forum of a reviewing court is not a place where for the first time a point, which has not been deemed of essence at the trial and which has not been seriously pressed to the attention of the court, is to be brought to the front for the mere technical purpose of securing a reversal of a judgment which the court otherwise finds correct. The only exception to this rule that procedural errors are waived if not raised in the lower court is where the lower court does not have jurisdiction of the subject matter.

On the contention of plaintiff in error on the matter further as to jurisdiction, we have to say that the rule of waiver applies to defective pleadings. See **Vol. 2 Ohio Jurisprudence**, §189. Also the case of **Toledo v Strosel, 12 O.C.C., (N.S.) 212,** where it was held that where the parties to an action disregard the issues made by the pleadings and proceed to trial on supposed issues (which is in effect a trial without any pleadings at all), the parties in the reviewing court will not be heard to complain for the first time that the issues were not raised by the pleadings.

So, entertaining the foregoing views, we find that the Court of Common Pleas in ordering the former determination and settlement by the Probate Court reopened, and rendering judgment against Shanower for $687.15, should be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.