## STELTENPOHL, ESTATE OF, In Re

Ohio Appeals, 1st Dist, Hamilton Co

No 5069.   Decided July 6, 1936

Harry Apter, Cincinnati, and Sandford A. Headley, Cincinnati, for appellant.

Ragland, Dixon & Murphy, Cincinnati, and Clarence A. Schnieders, Cincinnati, for appellee.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The question involved in this law suit grows out of the settlement of the estate of Estelle Steltenpohl, deceased.

The law questions grew out of an order of the Probate Court reopening the final account of the executor on the application of a creditor for fraud and manifest error, filed after confirmation of the final account.

The pertinent finding of facts and conclusions of law are set forth in the entry reopening the final account and is as follows:

"This day this cause came on to be heard on the application and amended application of August H. Schulte and Catherine Schulte to reopen the final account heretofore filed herein by Albert Steltenpohl, executor herein, on August 31, 1934 and the evidence and arguments of counsel, and was submitted to the court.

"Upon consideration whereof, the court finds that on or about the 5th day of April, 1923, the said August H. Schulte and Catherine Schulte, loaned to said Estelle Steltenpohl, then in life, the sum of Three Thousand Five Hundred ($3,500.00) Dollars, and as evidence of said loan, the said Estelle Steltenpohl executed and delivered to said August H. Schulte and Catherine Schulte, her certain promissory note for the sum of Three Thousand Five Hundred ($3,500.00) dollars, bearing date of April 5, 1923, and payable on demand, with interest at the rate of 4% per annum.

"The court further finds that said Estelle Steltenpohl died on August 16, 1931, leaving a last will and testament, which was duly admitted to probate and record in the Probate Court of Hamilton County, Ohio, on September 9, 1931, and letters testamentary thereunder were issued to Albert Steltenpohl as executor thereof, on said date.

"The court further finds that on or about eight weeks after the death of said Estelle Steltenpohl, the said executor of her estate, Albert Steltenpohl, requested of August H. Schulte and Catherine Schulte to turn said note over to him, the said Albert Steltenpohl stating at the time that it was necessary for him to have said note in order to settle the estate of the said Estelle Steltenpohl, deceased; that relying upon the said representations of said executor, Albert Steltenpohl, said August H. Schulte delivered said note to said Albert Steltenpohl as such executor for the aforesaid purpose.

"The court further finds that said executor, Albert Steltenpohl, failed, refused and neglected to return said note to said August H. Schulte, claiming that he had lost the same, and that neither said August H. Schulte nor Catherine Schulte ever saw or had said note in their possession after the date of the delivery of said note to said executor, Albert Steltenpohl, as aforesaid

"The court further finds that said note has never been paid by said Albert Steltenpohl, either individually or as executor of said estate of said Estelle Steltenpohl, deceased, and that said August H. Schulte and Catherine Schulte have never cancelled said note or waived the payment thereof, and that said note still remains unpaid and unsatisfied both as to principal and interest, and is, therefore, a valid debt against said estate.

"The court further finds that on or about the 31st day of August, 1934, the said Albert Steltenpohl, as executor of said estate, with full knowledge of the fact that said note had not been paid, and was a valid claim against said estate, filed in this court his final account as executor of said es-

tate, which said account was allowed and confirmed by this court on the 25th day of September, 1934. and by filing said account as aforesaid, represented to this court that all the debts of said estate had been settled, as provided by law.

"The court further finds that by reason of the foregoing, there was, and is, manifest error and fraud in the administration and purported statement of said estate by said executor, Albert Steltenpohl, and in the filing of said final account herein, and that, therefore, the prayer of said application and amended application should be, and the same hereby is, granted.

"It is, therefore, ordered, adjudged and decreed by the court that the order of confirmation of said account, heretofore made herein on the 25th day of September, 1934, be, and the same hereby is, set aside and held for naught; that said final account heretofore filed herein on the 31st day of August, 1934, be, and the same hereby is, stricken from the files of this court; that the administration of said estate be reopened, and that all further accounting and settlement of said estate be, and the same hereby is, postponed until such time as the said claim of said August H. Schulte and Catherine Schulte against said estate, be determined and settled according to law, and for such other proceedings as may be necessary and proper in the premises.

"To all of which the said Albert Steltenpohl, both individually and as executor of the estate of Estelle Steltenpohl, deceased, excepts."

Appeal was taken to the Court of Common Pleas from this judgment and upon trial the Common Pleas Court came to a like conclusion and judgment.

It is contended that the evidence fails to prove fraud or manifest error in the account. On this review we find from the bill of exceptions ample evidence to sustain the judgment finding fraud and manifest error and want of notice of the filing of the account on the part of the exceptor.

It is further claimed that the Probate Court was without jurisdiction to set aside the order of confirmation. That since the testatrix died prior to the effective date of the new probate code, the laws in force at the time of her death controlled all matters affecting the settlement of the estate; that there was no authority in the former probate laws under which the Probate Court could set aside its order confirming the final account in a proceeding such as this.

The writer cannot agree with the proposition that the former law is controlling. While the devolution of the property of the estate is so controlled, the proceeding to secure a settlement is not one entire proceeding, but each step constitutes a separate and distinct proceeding and is governed by the law in force at the time such proceeding is begun. The majority of the court is of opinion that the instant proceeding is maintainable under the old law (§10834 GC) and under the new Probate Code, determination of the question is not important.

Appellants on the question of jurisdiction rely largely on the case of **Johnson, Exr. v Johnson et, 26 Oh St, 357.** We have examined that case and it seems the question decided was that the statute providing for setting aside a judgment after term only applies to adversary cases and does not apply to ex parte proceedings in the Probate Court. The Johnson case does not help in the determination of the instant case.

The case of **McMahon, Admr. v Ambach & Co., 79 Oh St, 103** is of more assistance. In this McMahon case the observations and comments on the laws in force at the time not only justify the action of the Probate Court, but the hearing on appeal by the Court of Common Pleas as well.

Our conclusion is that under §8 of Article IV of the Ohio Constitution and §10506-40, GC, and related sections of the probate code, the Probate Court had jurisdiction in the premises and in any event on appeal to the Common Pleas Court that court had jurisdiction to pass upon the question of fraud and manifest error in the account and its judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.