IN MATTER OF ESTATE OF SHIVE.

(Decided May 3, 1940.)

*Mr. Joel H. Sharp* and *Messrs. Riddle & Riddle,* for appellee.

*Messrs. Caplan & Caplan,* for appellant.

PHILLIPS, J.   Simon A. Shive and Ada Belle Shive, residents of Columbiana county, were husband and wife.  The former died intestate on the first day of March 1935, leaving surviving him as his only heirs, his son, Sol R. Shive, and his wife, Ada Belle Shive, his surviving spouse, who died intestate on the seventh day of the following October.

On the 16th and 26th days of the same month Sol R. Shive, son of Simon, and Frank L. Vincent, nephew of Ada Belle, were appointed administrators of decedents' respective estates.

The only assets of the estate of the former, as shown by the inventory and appraisement filed therein, were

two pieces of real estate appraised at $2,400, and transferred by certificate to Sol R. Shive on December 13, 1935. The final account filed in the husband's estate May 6, 1936, was approved May 29, 1936, and the estate was closed within the statutory period, showing payments of debts totaling $674.

On the 27th day of September 1937 the administrator of the estate of Ada Belle Shive filed a petition in the Probate Court of Columbiana county praying that court to reinstate and reopen the estate of Simon A. Shive and appoint an administrator *de bonis non* therein for the purpose of further administering and settling the estate, and to fix the widow's year's allowance and statutory exemptions as provided in Sections 10509-54 and 10509-74, General Code.

The Probate Court among other things, found that the widow's year's allowance had not been fixed or statutory exemptions set off, and that her estate was entitled to the same.

From the finding of that court the administrator of the estate of Simon A. Shive appealed to the Court of Common Pleas of that county, which affirmed the judgment of the Probate Court, and from the judgment of the latter court he appealed to this court on questions of law and fact.

The case was not properly appealed as one on law and fact, and that appeal is dismissed and the case is retained and will be determined as an appeal on questions of law.

In Ohio the right of exemption of the surviving spouse is clearly fixed by Section 10509-54, General Code, which makes the amount of the exemption a charge upon decedent's real estate when there is insufficient personal property against which to set off the exemption, and provides that the property included within the provision "shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate."

Some of the cited cases from foreign jurisdictions on this subject are therefore not applicable and accordingly are not helpful in deciding the question presented.

The courts of Ohio seem to hold uniformly that this property is not part of the estate but belongs to the surviving spouse by virtue of the marriage relation, and that a fiduciary is not entitled to compensation on the property included in the exemption.

We believe that the title to the property to the amount of the exemption vested in Ada Belle Shive immediately upon the death of Simon A. Shive, and consequently upon her death was part of her estate. It follows therefore that the estate of Ada Belle Shive is clearly entitled to 20 per cent of the estate of Simon A. Shive subject however to the limitations as to amount set forth in Section 10509-54, General Code, as found by the Probate Court and affirmed by the Court of Common Pleas, the judgment of which should be and hereby is affirmed in this respect.

We come now to a consideration of the right of the Probate Court to reinstate or reopen the estate of Simon A. Shive approximately 16 months after the final account of the administrator was filed and the estate closed, and appoint an administrator *de bonis non* therein to complete the administration and settlement of the estate in the light of Section 10506-40, General Code, which provides that with certain exceptions, one of which is "in case of fraud or collusion," a final account is absolute and conclusive unless an exception thereto is filed within eight months. The settlement of a final account is final and conclusive and becomes *res judicata* after eight months as to all persons except for fraud or collusion on the court.

This court has previously held that "where deceased's estate had not been closed, claim for widow's allowance, made over three years after it could have been made, *held* not stale (Section 10656 [now Section

10509-74], General Code.)'' *In re Crouse,* 44 Ohio App., 31, 184 N. E., 253.

A perusal of the application for letters of administration filed under oath by the administrator in the Probate Court in the estate of Simon A. Shive disclosed that he represented to the court that the deceased ''died on or about the first day of March, 1935, at Salem, Ohio, leaving ........ and the following persons his known next of kin, Sol R. Shive, 605 East Eighth street, Salem, Ohio,'' whose age was indicated as ''over,'' apparently meaning to convey the information that the latter had reached his majority, and that his relationship to the deceased was that of son.

It is also observed that under schedule F in the inventory and appraisement, likewise filed in the estate under oath, the administrator represented to the Probate Court that ''said decedent left no surviving spouse.'' These were misstatements of fact. Ada Belle Shive as a matter of fact survived Simon A. Shive, and died some seven months subsequent to his death, and in our opinion these misstatements of fact were sufficient misrepresentations to constitute a fraud upon the Probate Court, and came under the above-quoted exception of Section 10506-40, General Code, and amounted to a sufficient fraud upon the court to warrant that court reinstating or reopening the estate of Simon A. Shive.

Having determined the right of the Probate Court to reinstate or reopen the estate of Simon A. Shive we pass to a consideration of the right of the estate of Ada Belle Shive to the year's allowance provided for the widow in Section 10509-74, General Code.

If the estate of Simon A. Shive were not fully settled and administered the estate of Ada Belle Shive would be entitled to such allowance, and in similar cases the courts of this state have consistently so held. But the administrator of the estate of Simon A. Shive claims that since the latter's estate was closed the

allowance does not survive to her estate, and her estate cannot avail itself of such allowance.

We have heretofore held that the estate of Ada Belle Shive is entitled to the exemption for which provision is made in Section 10509-54, General Code, and there is no evidence before us that it has been paid to her estate. It was therefore necessary for the Probate Court to appoint an administrator *de bonis non* to complete the administration and settlement of the estate of Simon A. Shive, which was not done, and which manifestly had not been fully administered, and to which administrator *de bonis non* under the circumstances of this case the administrator of the estate of Ada Belle Shive can properly present his claim against his estate.

Clearly the appraisers of the estate of Simon A. Shive failed to discharge the duty imposed upon them by Section 10509-74, General Code, to set off to Ada Belle Shive, his widow, her year's allowance, and under these conditions it became and was the duty of the judge of the Probate Court to fix that allowance upon evidence submitted, which he did, and with whose finding the Court of Common Pleas did not interfere and with the judgment of the latter court this court will not interfere.

It follows from what we have said that the judgment of the Court of Common Pleas should be and hereby is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and CARTER, J., concur.