MATHE ET AL., APPELLANTS, *v.*
FOWLER, ADMX., APPELLEE.

(No. 9-157—Decided December 6, 1983.)

Mr. *Abraham Cantor,* for appellants.
Mr. *Paul H. Hentemann,* for appellee.

FORD, J. This is an appeal from a judgment of the Probate Division of the Lake County Court of Common Pleas in which the court denied plaintiffs-appellants' motion to vacate the order approving and settling the final account.

Plaintiffs-appellants, Frank and Karen Mathe, are tort claimants. Defendant-appellee, Alvern A. Fowler, is administratrix of the estate of her husband, Warren A. Fowler.

On February 23, 1981, appellee was appointed administratrix of her husband's estate. On March 6, 1981, appellants filed a tort claim purportedly against the estate. The body of the complaint named appellee as an individual defendant, but did not name the estate itself as a defendant.

Appellants filed an amended complaint naming the estate as a defendant in the body of the complaint. Answers were filed by appellee both times. The pertinent portions of the amended complaint read as follows:

"(2) Alvern Fowler is the Administratrix of the Estate of Warren Fowler pursuant to her appointment by the Lake County Probate Court on February 28 [*sic*], 1981.

"(3) A claim against the Estate of Warren Fowler has been timely commenced pursuant to law.

"(4) On September 15, 1980, Defendant's decedent Warren Fowler and Virginia Fasciano came upon the residence of Plaintiffs at 1292 E. 348th Street, Eastlake, Ohio and struck Plaintiff Karen Mathe."

On September 2, 1981, appellee, as fiduciary, filed an "Account of Receipts and Disbursements" in the probate court. The account did not mention appellants' tort claim. On September 10, 1981, notice of the hearing on the account was published in a local newspaper pursuant to R.C. 2109.32. On October 15, 1981, the probate court approved the final and distributive account.

If allowed to testify, appellants would state that they had no knowledge of the hearing on the account and would have filed objections to the account if they had

known about the hearing. On December 8, 1981, appellants filed a motion, pursuant to R.C. 2109.35(A) and (C), to vacate the entry settling the account. The motion was denied and appellants seek reversal of the denial.

The assignment of error is as follows:

"The Probate Court erred in failing to vacate an order settling an account pursuant to R.C. 2109.35(A) and (C)."

Appellants' assignment of error is well-taken.

R.C. 2109.35(C) provides that a party to the account proceeding may have the settlement order of the probate court vacated for good cause shown if the party's only notification of the proceeding was by newspaper publication and the party had no actual knowledge of the proceeding in time to appear therein.

Appellants were parties to the proceeding because service of a summons and complaint on the administratrix of an estate is sufficient notice of a tort creditor's claim. Although R.C. 2117.06 requires that the claims of all creditors (specifically including unliquidated tort claims) be presented to the administrator in writing, the statute is complied with when a summons and complaint are timely served upon the administrator. *Fortelka* v. *Meifert* (1964), 176 Ohio St. 476 [27 O.O.2d 439]. Appellee-administratrix was served with a summons and complaint indicating that appellants had a tort claim against the estate of her husband. Thus, appellants were creditors of the estate and parties to the action.

Appellee's contention that the initial complaint was insufficient to give notice because it named the administratrix as defendant in the caption, but not in the body of the complaint, is without merit. In *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233 [34 O.O.2d 465], the court held that the plaintiff could amend her complaint when she named an executor in his representative capacity in the body, but not in the caption, of the complaint. The *Porter*

court, at page 235, stated that "[n]o person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his 'day in court.' * * *"

At bar, an amended complaint was served naming appellee as defendant in her representative capacity before the filing of the account in the probate court. Thus, appellee clearly knew that the estate was the defendant in the pending tort action.

Good cause exists to vacate the settlement order because the probate court approved the final and distributive account without the knowledge of the existing tort claim. In *Watts* v. *Watts* (1882), 38 Ohio St. 480, the court held that good cause existed when there was "mistake or error" by the probate court. In *In re Estate of Russell* (1938), 60 Ohio App. 385, at 392 [13 O.O. 239], the court defined "error" as "* * * [m]istake in the proceeding of a court of record in matters of law or fact * * *." The court in *Russell* also stated that "mistake" was "* * * [t]o take away wrongly or improperly * * *." *Id.* at 391. Here, the court did not know about the pending tort claim and approved the account. Appellants' cause of action and right of recovery were taken away. Since the court operated under a mistake of fact and precluded appellants' potential recovery in tort, good cause has been shown to vacate the judgment.

The final requirements of R.C. 2109.35(C) are that the only publication of the hearing be by local newspaper and that the movant have no actual knowledge of the hearing in time to appear therein. The former is a stipulated fact.

Appellants will testify that they had no actual knowledge of the hearing, but a final determination of that fact is for the probate court. Thus, the case is remanded.

Upon the issue of fraud, R.C. 2109.35 (A), which provides that the settlement

order of the probate court may be vacated upon the motion of *any* person affected thereby, is based upon fraud. Fraud must be shown by clear and convincing proof. *In re Estate of Nyhuis* (App. 1952), 65 Ohio Law Abs. 65.

The motion to vacate on the basis of fraud was properly denied because the record does not contain evidence of clear and convincing proof that appellee intentionally omitted the tort claim from the account to defraud appellants. In *Pengelly* v. *Thomas* (1949), 151 Ohio St. 51 [38 O.O. 519], the court held that an executrix who innocently held herself out as the lawful wife of the deceased had not committed fraud when it was subsequently discovered that the deceased had been previously married.

Cases vacating settlement orders on the basis of fraud usually involve an intentional misappropriation of funds by an administrator who fails to include a liquidated debt as part of the account. See *In re Estate of Shive* (1940), 65 Ohio App. 167 [18 O.O. 358]; *In re Estate of Steltenpohl* (1936), 53 Ohio App. 541 [7 O.O. 120]; *Shanower* v. *Cook* (1934), 47 Ohio App. 553. In this case, there was a dispute about the sufficiency of the complaint and the claim was not liquidated when the account was filed. We do not find clear and convincing proof of fraud. Under the circumstances, denial of the motion to vacate by reason of fraud was not error.

The judgment is reversed and the cause is remanded in accordance with this opinion.

*Judgment reversed
and cause remanded.*

Cook, P.J., and Reilly, J., concur.

Reilly, J., of the Tenth Appellate District, sitting by assignment in the Eleventh Appellate District.