[Cite as *BAC Home Loans v. Jasnoch*, 2011-Ohio-1179.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., fka COUNTRYWIDE HOME LOANS SERVICING, LP | ) ) ) ) | CASE NO. 10 MA 4 |
| PLAINTIFF-APPELLEE | ) ) | |
| VS. | ) ) | OPINION |
| WHITNEY W. JASNOCH, et al. | ) ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 09 CV 3276

JUDGMENT:                      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        Atty. George J. Annos
                               Carlisle, McNellie, Rini, Kramer & Ulrich
                               24755 Chagrin Boulevard, #200
                               Cleveland, Ohio  44122

                               Atty. Margaret Koval
                               Assistant Law Director
                               26 S. Phelps Street
                               Youngstown, Ohio  44503


For Defendants-Appellants:     Atty. Richard J. Thomas
                               Atty. Jeremy R. Teaberry
                               Henderson, Covington, Messenger,
                                  Newman & Thomas Co., L.P.A.
                               6 Federal Plaza Central, Suite 1300
                               Youngstown, Ohio  44503

JUDGES:
Hon. Cheryl L. Waite

Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 9, 2011

WAITE, P.J.

{1} Appellants, Whitney W. Jasnoch and Elizabeth A. Jasnoch, appeal the judgment of foreclosure entered by the Mahoning County Court of Common Pleas on December 10, 2009. Because Appellants failed to offer any evidence in support of their fraud claim, the judgment of the trial court is affirmed.

{2} On June 27, 2003, Appellants borrowed $31,200.00 from Stoffer Mortgage, Inc. in order to purchase a residence then located at 54 E. Ravenwood Avenue, Youngstown, Ohio. Appellants executed a note secured by a mortgage on the real property. The mortgage was conveyed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Stoffer Mortgage, Inc.

{3} Stoffer Mortgage, Inc. endorsed the note to RBMG, Inc. on June 27, 2003. The note bears an undated blank endorsement from RBMG, Inc. Appellants defaulted on the loan, with the last payment applied on April 1, 2007. MERS, as nominee for Stoffer Mortgage Inc., assigned the note and mortgage to Countrywide Home Loans, Inc. ("Countrywide"), by separate instrument dated January 3, 2008. The assignment was recorded in Mahoning County on January 25, 2008. Countrywide assigned the note and mortgage by separate instrument to Appellee, BAC Home Loans Servicing, LP, fka Countrywide, on August 20, 2009. The assignment was recorded in Mahoning County on September 1, 2009.

**{4}** Appellee filed the complaint in this action on August 25, 2009. Appellants filed their answer with leave of court on October 29, 2009. On that same day, Appellee filed a motion for summary judgment. Attached to the motion for summary judgment is the affidavit of David Perez, an assistant vice president of Appellee. According to the affidavit, Appellee is in possession of the note. (Perez Aff., ¶4.)

**{5}** Appellants responded to the motion for summary judgment on November 12, 2009. In their response, they argued that Appellee was not the holder of the note, and that the appraisal obtained during the loan application process was fraudulent because at the time the response was filed, the auditor's website valued the Ravenwood property at only $7,200.00. Although the response states that the information from the auditor's website is attached, the copy in the record has no such attachment. The parties agreed at oral argument that the 2009 valuation was attached to the response brief. Based on the auditor's valuation, Appellants claim that "[t]he true value of the property at issue, assuming the appraisal is $31,200.00, is 433% lower than its appraised value." (Response to Motion for Summary Judgment, p. 2.) The 2009 valuation was the only evidence offered in support of the response brief. At no time did Appellants request an extension of time to conduct discovery in this case.

**{6}** The trial court entered the judgment of foreclosure on December 10, 2009. This timely appeal followed. On the same day that the notice of appeal was filed, Appellants filed a motion to stay execution of the judgment in this case.

Pursuant to an agreed judgment entry filed on February 12, 2010, the trial court authorized Appellee to proceed with execution against the real property, but prohibited Appellee from pursuing the personal judgment against Appellants until the completion of this appeal.

{7} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. Id.

{8} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a

genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.

{9} "The elements of fraud are:

{10} "(a) a representation or, where there is a duty to disclose, concealment of a fact,

{11} "(b) which is material to the transaction at hand,

{12} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

{13} "(d) with the intent of misleading another into relying upon it,

{14} "(e) justifiable reliance upon the representation or concealment, and "

{15} "(f) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus.

{16} Fraud must be shown by clear and convincing evidence. *Mathe v. Fowler* (1983), 13 Ohio App.3d 273, 275, 469 N.E.2d 89.

<u>ASSIGNMENT OF ERROR</u>

{17} "The lower court erred by granting Appellee BAC Home Loans Servicing, LP's Motion for Summary Judgment."

**{18}** Appellants contend that Appellee violated R.C. 1322.07. Ohio's Mortgage Broker Registration Act, codified in R.C. Chapter 1322, prohibits a mortgage broker from engaging in conduct that constitutes "improper, fraudulent, or dishonest dealings," and "[k]nowingly mak[ing] * * * fraudulent, false, or misleading statements on any mortgage loan document or on any document related to a mortgage loan * * * ." R.C. 1322.07(C) and (E). Appellants raise this statutory violation for the first time on appeal. They raised bare allegations of fraud without any reference to R.C. 1322.07 in their response to the motion for summary judgment.

**{19}** A review of the record in this matter reveals no evidence of fraud, here. At oral argument, Appellants relied exclusively on the appraisal, which was not made a part of the record, and the 2009 auditor's valuation to demonstrate fraud. However, the 2009 valuation, without more, is not sufficient to create a genuine issue of material fact in light of the fact that the mortgage was entered some six years earlier. Again, the record is silent as to any evidence that the property was not worth the mortgage amount at the time the mortgage was entered.

**{20}** In the alternative, Appellants argue that they did not have the opportunity to conduct discovery because the summary judgment motion was filed the same day they filed their answer. Appellants contend that, even if they filed a discovery request for a copy of the appraisal from Appellee, "there is no guarantee that Appellee's responses would have been received before the trial court granted Appellee's motion." (Reply Brf., p. 1.)

**{21}** After a properly supported motion for summary judgment was filed, Appellants had a reciprocal burden to produce evidence that a genuine issue of material fact exists to preclude summary judgment. Appellants admit they never even attempted to file a motion for an extension of time to respond to the motion for summary judgment nor did they file a motion to conduct discovery. Because no such motions were filed, the trial court was not put on notice that Appellants needed additional time to file a properly supported response.

**{22}** Even assuming that Appellants had offered the 2003 appraisal into evidence, and shown that the appraisal was fraudulent, a violation of the Mortgage Broker Registration Act is not a defense to a foreclosure claim. The Act imposes civil liability on brokers who violate its provisions. However, nothing in the civil enforcement or penalties sections indicate that a violation of the act constitutes a defense in a foreclosure action. Further, any action for damages under the Act would lie against Stoffer Mortgage, Inc., not Appellee.

**{23}** Based on this record, there is no evidence of fraud, and to the extent that Appellants assert a violation of the Mortgage Broker Registration Act, the statutory violation is not a defense to this foreclosure action. Accordingly, Appellants' sole assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.