[Cite as *In re West*, 2017-Ohio-7128.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

IN THE MATTER OF:                  )      CASE NO. 16 JE 0017
                                   )
    THE ESTATE OF:               )
    WILLARD V. WEST aka          )      OPINION
    W. VINCENT WEST, Deceased    )
                                   )
                                   )


CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas, Probate Division, of Jefferson
                                   County, Ohio
                                   Case No. 2000 ES 126

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellant:           Monte L. Smith, *Pro se*
                                   237 Frostview Drive
                                   Steubenville, Ohio  43952

For Defendant-Appellee:            Atty. Lawrence T. Piergallini
                                   131 Third Street
                                   P.O. Box 7
                                   Tiltonsville, Ohio  43963


JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                   Dated:  August 4, 2017

WAITE, J.

{¶1}   Appellant Monte L. Smith appeals the decision of the Jefferson County Common Pleas Court, Probate Division, denying his motion to reopen the estate of Willard V. (aka W. Vincent) West ("Decedent").   Based on this record and previous litigation on the issues raised in this matter, Appellant's claim is barred by *res judicata*.   Even if Appellant's claims were not barred, Appellant presents no new additional evidence of fraud warranting reopening the estate.   The judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2}   On July 8, 1993, Decedent and his wife, Nettie West (collectively "the Wests") entered into two contracts with their neighbors, Robert and Dona Omaits ("the Omaits").   The contracts were prepared by Attorney Lawrence Piergallini.   In the first, the Wests sold 80 acres of land in Smithfield Township to the Omaits for $50,000.   A deed of transfer was executed on April 26, 1994 and recorded on May 5, 1994.   In a separate, second contract, the Wests granted the Omaits an option to purchase an adjacent 38 acres of land for $25,000.   The option was exercisable within 90 days of June 1, 2003.   It could be exercised earlier if Mr. West died or if the Wests or their heirs gave notice that they desired to sell the property.   The option was contingent on completion of the purchase contract.

{¶3}   Decedent died testate on February 22, 2000.   An estate was opened in March of 2000.   Pursuant to the Decedent's will, Appellant was appointed executor and Attorney Piergallini was hired as the estate's attorney.   Appellant and his brother, Craig Smith ("Craig"), were stepsons of the Decedent and each received a bequest of

$2,000 in the will. Decedent's daughter was the primary beneficiary under the will and listed as next of kin. She was bequeathed the Decedent's house, an acre of property and the residue of his estate.

**{¶4}** On May 16, 2000, Appellant signed a fiduciary deed transferring the 38 acres subject to the option contract with the Omaits and acknowledging their payment of $25,000. The deed was recorded the following day.

**{¶5}** In February of 2012, twelve years after Decedent's death, Craig filed two civil actions against Attorney Piergallini which were consolidated in the Jefferson County Court of Common Pleas. Those actions, relating to both the 80-acre parcel and the 38-acre parcel respectively, asserted claims for breach of contract and legal malpractice. Craig contended that Piergallini committed legal malpractice in allegedly hiding $25,000 in funds from the estate and colluding with the Omaits to draft deeds which failed to reserve the mineral rights in both transactions against the wishes of the Wests. The trial court granted summary judgment in favor of Piergallini, concluding that no contract existed between Craig and Piergallini and that they did not have an attorney-client relationship. The trial court also concluded that the statute of limitations had run on these claims. Craig did not file an appeal of that decision but filed a complaint with the Ohio Supreme Court Disciplinary Council, which concluded that disciplinary action against Piergallini was not warranted.

**{¶6}** In March of 2015, Craig filed two civil actions against the Omaits (15 CV 88; 15 CV 113). In the first, Craig sought to recover the 38 acres and nullify the fiduciary deed. The complaint alleged that Attorney Piergallini filed false documents

in court and that the estate was owed an additional $25,000 from the Omaits pursuant to the option to purchase contract.  In the second action, Craig sought to recover the 80-acre parcel of land and nullify the 1993 purchase agreement and deed.  In both complaints, Craig alleged the Wests never intended to relinquish their mineral rights in the property and that the Omaits colluded with Attorney Piergallini to deceive the Wests into signing contracts that failed to reserve these mineral rights.  In addition to seeking recovery of the land, Craig sought to recover any oil and gas proceeds generated from the property since the date of transfer.  The two civil cases were consolidated.  The trial court entered summary judgment in favor of the Omaits, concluding, among other things, that Craig lacked standing and that the claims were barred by the statute of limitations.  Craig appealed to this Court and we affirmed the trial court's decision.  *Smith v. Omaits,* 7th Dist. No. 15 JE 0018, 2016-Ohio-1442.

**{¶7}**	Appellant filed his *pro se* motion to reopen the estate on May 16, 2016.  In it, he alleged that a handwritten document introduced into evidence by the Omaits in Craig's previous civil action "clearly and convincingly describes the [mineral] rights to be reserved, and a reasonable person could easily infer that the only reason why the Omaits and Piergallini would have kept this information from Applicant was to obtain the property upon more favorable terms than those to which Applicant would have otherwise agreed."  (5/16/16 Application to Reopen Estate and Appoint Fiduciary, p. 5.)  Appellant claimed that, but for the alleged fraud by Piergallini and the Omaits, he would not have signed off on the fiduciary deed drafted by Piergallini when the Omaits exercised their option to purchase the additional acres.  Appellant

also asserted that the handwritten document served as evidence that the 1993 deed signed by the Wests was fraudulently drafted by Piergallini as it purposefully left out the reservation of mineral rights desired by the Wests.

{¶8} A hearing was held on June 21, 2016 at which Piergallini, Craig and Appellant were present. At the outset of the hearing, Piergallini orally moved to withdraw as counsel for the estate, should there be a question as to his role in the matter. Neither Craig nor Appellant objected. The trial court granted Piergallini's request and Piergallini excused himself from the hearing. The trial court asked the brothers if they wished to make any statements on the record. Appellant stated that he was the executor of the estate and that newly discovered evidence had been found which warranted a reopening, namely, the handwritten document which had been submitted by the Omaits in Craig's previous action. This was an undated handwritten paper allegedly written by Decedent in which he agreed to transfer the 80-acre parcel for $50,000 and the 38-acre parcel for $25,000. The trial court noted that this was not newly discovered evidence as it had been presented in the previous civil action.

{¶9} Appellant requested that his brother, Craig, speak on behalf of the estate and be appointed executor due to Appellant's "health, education and delivery skills." (6/21/16 Tr., p. 5.) Even though he was not a named party to this matter, Craig was allowed to speak. Craig presented the court with arguments similar to those he asserted in his earlier attempts at litigation: that the Wests intended to retain the mineral rights to the property and that the handwritten document supported

that contention. The trial court expressed the view that the handwritten document actually supports the notion that all of the mineral rights were intended to pass with the 80-acre parcel except the rights to coal. These rights would revert to the owner of the property after 15 years, at the expiration of the coal lease. The court calculated that expiration occurred in 2009. The court noted that the Wests signed the original deed in 1993 and that this deed contained the provision addressing the lease of the coal rights. The court also stated that absent a showing of fraud, the deed would be deemed valid. Craig contended that Piergallini did commit fraud when he drafted the 1993 deed that did not conform to the Wests' desires. The court responded that Craig's allegations amounted to "a separate action against Mr. Piergallini, which by the way has already occurred but that's where the action would be. The action would be against the attorney, not against the people that accepted the deed that these folks signed." (6/21/16 Tr., p. 14.)

{¶10} Again, it was Craig who presented all of the arguments in this matter to the trial court. Aside from his initial request, Appellant never again addressed the trial court other than to confirm his address and request that he be removed as fiduciary of the estate and that his brother be appointed as his replacement. The court informed Appellant that he was no longer the fiduciary, as he had been discharged upon the closing of the estate, and that if the estate were reopened an appointment of fiduciary would be made.

{¶11} The trial court issued a judgment entry in this matter on June 23, 2016. A *nunc pro tunc* entry was issued on June 30, 2016 because the court had incorrectly

named Craig as the petitioner on the application to reopen. The court held that the issues of fraud and improper representation raised by Appellant had been adjudicated in previous legal proceedings and that reopening of the estate was not warranted.

**{¶12}** Appellant filed this *pro se* appeal, setting forth two assignments of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE PROBATE COURT ERRED BY DENYING APPELLANT'S APPLICATION TO REOPEN DECEDENT'S ESTATE, BASED UPON AN INCORRECT FINDING THAT THE ISSUES APPELLANT SEEKS TO LITIGATE ON BEHALF OF THE ESTATE WERE ALREADY DECIDED ON THE MERITS IN A PRIOR CIVIL ACTION.

**{¶13}** In his first assignment of error, Appellant contends the trial court erred in denying his motion to reopen Decedent's estate based on the conclusion that Appellant's claims were decided in a prior civil action. Appellant argues that: (1) the previous litigation was brought by Craig and resolved based on Craig's lack of standing to sue. Because Appellant does have standing, that same rationale does not apply to Appellant and his claims are not barred by *res judicata*, and (2) as Appellant was not a party to the previous action nor is Appellant in privity with his brother, *res judicata* does not apply.

**{¶14}** The decision on whether to grant a motion to reopen an estate is within the sound discretion of a probate court. *In re Estate of Smith,* 3d Dist. No. 13-02-37, 2003-Ohio-1910, ¶ 11. The decision of the trial court will not be disturbed absent an

abuse of discretion. *Pyle v. Pyle*, 11 Ohio App.3d 31, 463 N.E.2d 98 (1983). An abuse of discretion is one in which the decision of the trial court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15} R.C. 2109.35 governs reopening of a settled fiduciary estate and reads, in pertinent part:

> The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:

> (A) The order may be vacated for fraud, upon motion of any person affected by the order or upon the court's own order, if the motion is filed or order is made within one year after discovery of the existence of the fraud.

> * * *

> An order settling an account shall not be vacated unless the court determines that there is a good cause for doing so, and the burden of proving good cause shall be upon the complaining party.

{¶16} Thus, Appellant had the burden to demonstrate by clear and convincing evidence that a fraud was committed with regard to the estate and was required to bring that claim within one year after the discovery of the existence of the fraud. Appellant alleges fraud occurred based on the fact that a document allegedly written

by the Decedent which predates the purchase agreement and option to purchase contract in this matter shows an intent to preserve mineral rights in the subject property but the deed executed by the Wests and the purchase option for the second parcel of land failed to preserve these rights for the Decedent. Appellant alleges Attorney Piergallini and the Omaits colluded to have the Wests sign the purchase agreement that lacked a reservation of mineral rights provision. Further, Appellant alleges that because the 38-acre parcel in the purchase option was worth $50,000 but was sold for only $25,000, Piergallini may have retained an additional $25,000 and not included it in the final accounting of the estate.

{¶17} The defects in Appellant's case are twofold. Most notably, the claims raised in this matter are identical to those brought by Appellant's brother in the two civil actions filed against Attorney Piergallini, as well as in the two civil actions brought against the Omaits. While this latest attempt may have been filed by Appellant, not Craig, the record shows the underlying claims are identical and the arguments advanced at hearing were all made by Craig and not Appellant.

{¶18} *Res judicata* pertains to claim preclusion. A valid final judgment on the merits bars all further actions based on any claim that arises (or could arise) out of the transaction or occurrence which formed the subject matter of the previous action. *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. *Res judicata* serves to bar any further litigation of a claim once a final judgment on the merits of the claim has been issued. The doctrine of *res judicata* bars a claim when the following four elements are met: (1) there is a final, valid decision on the merits

by a court of competent jurisdiction; (2) there is a second action that involves the same parties, or their privies, as the first action; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of a transaction or occurrence that was the subject matter of the first action. *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 84.

{¶19} Appellant now seeks to reopen this estate based on the same claims and allegations asserted by his brother in four previous civil actions. Appellant contends that as Craig was never a fiduciary of the estate and was never represented by Piergallini, these claims could not have been properly raised in the prior cases. Appellant also contends that he could not have joined the previous *Omaits* litigation and named Piergallini as a defendant in those cases because he was unaware he had a claim against Piergallini at that time. He says he did not know about the handwritten document until he engaged in a conversation with his brother after summary judgment had been granted to the Omaits*.* Finally, Appellant contends *res judicata* should not apply because he is seeking a monetary judgment and not the return of the property. These arguments are not persuasive.

{¶20} Based on a review of the record, the trial court was correct in concluding that Appellant's fraud claim is barred because the claims alleged have all been previously litigated in prior civil actions. Appellant ignores the fact that in the first set of consolidated cases, *Smith v. Piergallini*, Jefferson Co. Case No. 12 CV 96 and 12 CV 103, Craig alleged that in Piergallini's capacity as attorney for the Wests

and in the handling of the estate Piergallini committed legal malpractice. The complaints contained claims for breach of contract, negligence due to legal malpractice, and intentional conduct due to legal malpractice. As the defendant in those actions, Piergallini denied all allegations and set forth affirmative defenses that included failure to state a claim, statute of limitations, *res judicata*, and lack of standing by Craig to bring the action. The trial court granted summary judgment in favor of Piergallini in those previous civil actions based on a number of reasons. While Craig's breach of contract claims failed because there was no contract between Craig and Piergallini, the trial court also held that the statute of limitations to bring the claim had run, and that Craig failed to demonstrate any basis for his legal malpractice claims against Piergallini. Craig did not appeal any part of that decision, instead filing a complaint with the Office of Disciplinary Counsel in which it was determined that an investigation was not warranted.

{¶21} In the second set of consolidated cases, Craig filed against the Omaits alleging essentially the same claims. Craig sought to recover the 38-acre parcel and nullify the fiduciary deed prepared pursuant to the option to purchase, arguing that Piergallini filed false documents in the probate court because the estate was owed an additional $25,000 from the Omaits under the option to buy contract. Craig also sought to recover the original 80-acre parcel and nullify the 1993 deed because he claimed the Omaits colluded with Piergallini to defraud the Wests into relinquishing their mineral rights. The trial court granted judgment in favor of the Omaits, and it was affirmed on appeal to this Court. While the trial court did rule, in part, that Craig

lacked standing to raise certain of his claims, the court also ruled that the statute of limitations had run. Thus, the courts in both sets of earlier cases issued rulings on the merits of the claims. We also note that Craig relied on the same handwritten document to advance his claims that Appellant now attempts to use.

**{¶22}** At the hearing on this matter, it was Craig and not Appellant who argued to the court all of these same issues, although Craig is not a party in the present action. Apparently attempting to circumvent the determination that he lacked standing, Craig instead enlisted his brother to file the instant action, alleging all the same claims he had earlier raised against the same parties, Piergallini and the Omaits, in the long history of this matter. This case is also based on the identical evidence from the earlier litigation. Based on the foregoing, the trial court did not abuse its discretion in determining that the claims alleged in the instant action are barred by the doctrine of *res judicata*. Appellant's first assignment of error is without merit and is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE PROBATE COURT ERRED BY REPEATEDLY ACKNOWLEDGING THE POSSIBILITY OF A FRAUD BY APPELLANT'S PROBATE ATTORNEY, AND THEN DENYING APPELLANT'S APPLICATION TO REOPEN DECEDENT'S ESTATE.

**{¶23}** In his second assignment of error, Appellant alleges the trial court erred in denying Appellant's motion to reopen the case because the "judicially imposed 'burden of proof'" required should not apply. (Appellant's Brf., p. 13.) Essentially,

Appellant argues he should be subject to a lower burden of proof than clear and convincing.

**{¶24}** Appellant contends the trial court, at hearing, repeatedly noted that a possibility of fraud may exist. As such, Appellant claims that the clear and convincing burden of proof should not apply in the instant case but rather an "abuse of discretion" standard, likening the matter to a Civ.R. 60(B) motion.

**{¶25}** Appellant's contentions are problematic for many reasons. First, Appellant filed a motion to reopen the estate based on fraud pursuant to R.C. 2109.35(A). As such, Appellant is bound by the statutory requirements.

The elements of fraud are:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. of Commrs.,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus. Fraud must be shown by clear and convincing evidence. *Mathe v. Fowler,* 13 Ohio App.3d 273, 275, 469 N.E.2d 89 (1983). Although Appellant argues for a lower burden of proof, in Ohio, it has long been the standard that allegations of fraud must be shown by clear and convincing evidence. *In re Estate of Nyhuis,* 113 N.E.2d 700, 704 (8th Dist.1952). Appellant incorrectly contends that R.C. 2109.35 does not specifically require the standard to be clear and convincing. R.C. 2109.35(A) provides only three ways to vacate a probate court order settling a fiduciary's account: (1) a showing of fraud, by motion of any person affected by the order or on the court's own order; (2) a showing of good cause, other than fraud, by motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to make an appearance; and (3) good cause shown on motion of the fiduciary. R.C. 2109.35.

{¶26} Appellant has brought his claim against Piergallini under the first option, alleging fraud. As such, Appellant is bound to adhere to the requirements for proving fraud. Appellant contends that since this matter does not involve a fraud by the fiduciary, which he contends is usually the case, the usual requirements in a fraud matter do not apply.

{¶27} We have held that fraud must be shown by clear and convincing evidence. *In re Estate of Ramun,* 7th Dist. No. 08 MA 124, 2010-Ohio-6405, ¶ 29 citing *Mathe.* In *Ramun,* we held that the probate court did not err in overruling the

appellant's fraud claim when it was based on broad allegations of fraud with no evidentiary support. *Id.* at ¶ 66.

**{¶28}** Appellant mischaracterizes the trial court in arguing that the judge "acknowledged the possibility of fraud" by Piergallini. Actually, the court was merely pointing out that Appellant's claims, such as they are, are not really directed towards any action or inaction of the Omaits but, instead, are directed at the estate's lawyer. Regardless, Appellant's claims against the lawyer fell woefully short. Appellant did not offer any new evidence to demonstrate that the purchase agreement, deed, and option contract were fraudulently drafted or that Decedent was unlawfully coerced into entering into them. At the hearing on the reopening, Appellant attempted to utilize a handwritten document, allegedly drafted by Decedent and submitted into evidence by the Omaits at their previous hearing against Craig, as evidence of fraudulent conduct by Piergallini. However, as noted by the trial court, the handwritten document was not new evidence and, if anything, proved that Decedent intended to enter into the purchase agreement and option contract with the Omaits. Several years passed after the filing of Craig's case against Piergallini. Appellant had plenty of time in which to look for and produce any evidence that Piergallini fraudulently drafted the purchase documents or option contract. If he had any direct knowledge of wrongdoing, Appellant could have submitted a sworn affidavit as to these issues, but did not. This record reflects that in his attempt to vacate the final distribution of the estate, Appellant failed to establish any fraud by clear and

convincing evidence. Appellant's second assignment of error is without merit and is overruled.

{¶29} Based on the foregoing, as Appellant's claims were raised and decided on the merits in prior legal proceedings involving the same issues, defendants, and evidence, they are barred by *res judicata*. Moreover, the trial court did not err in concluding that Appellant failed to present clear and convincing evidence warranting a reopening of the estate on the basis of some alleged fraud pursuant to R.C. 2109.35(A). The judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.